CHITTENDEN
January,
1832.

## LUTHER DIXON *vs.* JOSEPH SINCLEAR.

Where judgement had been rendered in a suit, *that the plaintiff from having and maintaining his action should be barred, and that the defendant recover his cost,*—it was held to be a judgement on the merits of the action, and a bar to any future action brought for the same cause.

A judgement was rendered for the plaintiff by the mutual agreement of the parties, subject to the award of arbitrators upon certain claims pleaded in offset; and the arbitrators failing to make any award, the plaintiff brought an action of debt on the judgement. The defendant pleaded that the judgement had been rendered on the condition above mentioned, and that he was willing and ready to proceed with the arbitration, but that the plaintiff refused. The plaintiff replied, admitting the agreement, but denied that the defendant was ready and willing to proceed with the arbitration, and alleged that he had refused so to do, though requested. Upon this, issue was joined, and found for the defendant; and judgement was rendered accordingly. The plaintiff afterwards brought another action on the original judgement; and the defendant pleaded in bar the former judgement of the court in his favor. The plaintiff replied, setting forth the foregoing facts, and insisted that the judgement which had been rendered in the former action, was not rendered on the merits. It was held on demurrer to this replication, that the defence relied on in the former action was of a permanent character, and that the replication was insufficient in law, to obviate the legal effect of the plea.

This was an action of debt in common form, counting upon a judgement of Chittenden county court, rendered at their March term, 1826, for the sum of $181,58.

The defendant pleaded specially, as follows :

" And the said *Joseph Sinclear*, in court here, by his attorney, comes and defends the wrong and injury, when &c., and says, that the said *Luther Dixon*, from having and maintaining his said action against him, ought to be barred, because he says, that the said *Luther*, heretofore to wit at the county court begun and holden at Burlington, within and for the county of Chittenden, on the last Tuesday of March, one thousand eight hundred and twenty eight, commenced *his action of debt, demanding one hundred* eighty one dollars, and fifty eight cents, upon the same identical judgement in said declaration mentioned, and that such proceedings were had thereon, that the said county court at their term begun and holden at said Burlington, within and for the said county of Chittenden, on the last Tuesday of August, one thousand eight hundred and twenty nine, recovered judgement in said action, that the said *Luther* from having and maintaining his said action should be barred, and that the said *Joseph* recover his cost ; as by the record thereof remaining with said court will appear.—— And the said judgement still remains in full force and effect, not reversed, vacated, nor set aside ; and this the said *Joseph* is ready to verify ; wherefore the said *Joseph* prays judgement, that the said *Luther* from having and maintaining his said action may be barred, and he recover his cost."

*By Charles Adams.*"

To this the plaintiff replied as follows :

" And now the plaintiff saith, that he, by reason of any thing in

CHITTENDEN,
January,
1832.

Dixon
vs.
Sinclear.

defendant's plea, by him above pleaded, ought not to be precluded from having and maintaining his aforesaid action thereof against the said defendant, because he saith, that, though true it is, that such judgement, as is set forth in said plea, was rendered in favor of the said defendant at the term of the county court in that behalf in said plea alleged, yet said judgement was not had or rendered upon the merits of said action, nor any plea involving the same, but was rendered upon a verdict given on an issue taken on a certain dilatory plea to the said action pleaded by the said *Joseph* in the court aforesaid, and the replication thereto, which said plea of the said *Joseph* was in the words and figures following : " And now the defendant in court here, by his attorney, comes and defends the wrong and injury, when &c., and says, that the said *Luther*, from having and maintaining his said action ought to be barred, because he says, that the said judgement, upon which the said *Luther* has declared, was rendered in an action brought by the said *Luther*, as endorsee of a note originally given by the said *Joseph* to one Daniel Clark, and by him endorsed to the said *Luther* ; and that before any endorsement of the said note, the said Daniel was indebted to the said *Joseph*, in the sum of two hundred and twenty dollars, which the said *Joseph* intended to apply, so far as to satisfy and annul the said note, and that while the said suit was pending, to wit, on the 28th day of March 1826, it was mutually agreed by and between the said *Joseph* on the one part, and the said *Luther Dixon*, and the said Daniel Clark, that a judgement should be entered in the suit, in favor of the said *Luther*, against the said *Joseph*, for the full amount of said note for damages, and the cost, and that the execution should lie until the first day of June, 1826 ; and that all the claims, matters and things, and controversies existing between the said Daniel Clark and the said *Joseph* should be submitted to the award and final determination of Thomas D. Rood, Truman Barney and Roswell Butler, and if the said Butler could not or would not attend, to William Barney, in the room of the said Roswell Butler ; and that the amount of said award, if in favour of said *Joseph*, should be endorsed upon the said judgement ; and that the said arbitrators meet at the house of E. D. Hubbell in Jerico, on the first Wednesday of May, 1826, and make and publish their award in the premises, on or before the first day of June, 1826—which said agreement was made in writing, and signed by the said *Joseph* and the said Daniel and Luther.   And the said *Joseph* avers, that in pursuance of said agreement, he withdrew his pleas in said suit, and submitted a judgement to be entered against him for the amount of the said note, and the cost, which is the same judgement on which the said *Luther* has declared.   And the said *Joseph* avers that more than twenty days before the said first Wednesday of May, 1826, he delivered to the said *Dixon* a specification of his said claims against the said Daniel Clark, to wit, on the tenth day

of April, 1826, amounting to the sum of two hundred and twenty dollars, and that the same was, and still is, due and owing from the said Daniel Clark. And the said *Joseph* further avers, that the said arbitrators met on the said first Wednesday of May, 1826, when the said *Joseph* appeared before them, with his said claims and witnesses, and was ready to examine and adjust the same, and by agreement of parties the hearing of the same was adjourned from time to time until the last Monday in August, 1827, when the said arbitrators again attended, and the said *Joseph* appeared before them, with his claims and witnesses, and was ready to prove and support his said claims ; but the said *Luther* and Daniel wholly neglected and refused to proceed therein, and refused to allow the said arbitrators to examine the said claims of the said *Joseph*, or to make any award thereon : by reason of which, the said *Joseph* was prevented from ascertaining the amount due to him from the said Daniel ; and the said claims still remain wholly unpaid. And the said *Joseph* ever has been and still is ready to have the same examined by the said arbitrators, and take their award thereon, and to have the same set off upon the said judgement so by the said *Luther* recovered as aforesaid ; all which the said *Joseph* is ready to verify. Wherefore, he prays judgement, that the said *Luther*, from having and maintaining his said judgement, may be barred, and he have his cost.

*By Charles Adams.*"

Unto which said plea of the said *Joseph*, the said plaintiff filed his replication, in the words and figures following : " And now the said *Luther Dixon* in reply to the plea of the said *Joseph Sinclear*, by him above pleaded, saith that he from having and maintaining his aforesaid action against the said *Joseph Sinclear* ought not to be barred, because he says, that though true it is, that the said judgement upon which he has above declared against the said *Joseph* was rendered in an action brought on a certain promissory note endorsed by the said Daniel Clark to the said *Luther*, and signed by the said *Joseph* ; and that before the rendition of final judgement in said action, the said *Joseph* pretended to have a certain claim or claims against the said Daniel, and that they were due and owing to him from the said Daniel before the time of the said endorsement of the said note, as aforesaid ; and further declared his intention to plead the same as a set off to the said note ; and that the said *Luther*, Daniel and *Joseph* did make such agreement in relation thereto as is set forth in the said plea of the said *Joseph*, to wit, that the said claim of the said *Joseph* against the said Daniel should be submitted to the award and determination of Thomas D. Rood, Truman Barney and Roswell Butler, and in place of said Butler, in case he did not act as such arbitrator, William Barney ; yet the said *Luther* saith that the said *Joseph* did not at the time mentioned in his said plea, nor at any time before the commencement of this suit, deliver to the said *Luther* and Daniel a specification of his said claims against the

said Daniel, nor was, or hath he, the said *Joseph*, ever been ready and willing to proceed with the said arbitration, nor to have the same submitted, heard and determined, agreeably to the terms of the said agreement, before the commencement of this action ; but on the contrary thereof, the said *Joseph* did, and hath ever refused and neglected so to do, to wit, from the rendition of said judgement against him, the said *Joseph*, as aforesaid, to the time of suing out this writ ; though the said *Joseph* was often requested to proceed with and submit the said claim agreeably to the agreement' above mentioned, and though the said *Luther* and Daniel were ever ready and willing so to do. And this the said *Luther* prays may be inquired of by the country.

*By Maeck and Bailey and Marsh."*

And the said *Joseph* thereupon joined the issue tendered by the said replication ; and a jury being empannelled and sworn to try the said issue, the same was committed to them, and the said jury returned their verdict into court, that the plaintiff ought to be barred ; and the said verdict being accepted by the said county court, judgement was thereon rendered, that the plaintiff should be barred from having or maintaining his aforesaid action thereof against the said *Joseph*, and that the said *Joseph* should recover his costs ; which is the same judgement set forth by the defendant in his said plea to the plaintiff's present action. All which, by the record of said court, yet with said court remaining, will more fully and at large appear. And the said *Luther* avers, that after the rendition of said judgement, and before the commencement of this action, to wit, on the ninth day of March, A. D. 1830, at Essex, in said county, they, the said *Luther* and the said Clark, did propose and offer to the said *Joseph* to submit the said *Joseph's* claims against, and controversies with, the said Clark, according to the said agreement in defendant's plea mentioned, to the award and determination of the said arbitrators mentioned in defendant's said plea ; and then and there requested the said *Joseph* to appoint a time and place when and where he would attend to the submitting of the said claims and controvercies to the said arbitrators named in the said plea, according to the agreement in said plea set forth, or to suffer the said *Dixon* and Clark to appoint a time and place for that purpose ; but the said *Joseph*, then and there, wholly refused and neglected, and ever since hath and still doth neglect and refuse, to appoint any time and place for submitting the said matters to the said arbitrators, or to suffer the said *Dixon* and Clark so to do. And said *Dixon* avers, that he and the said Clark, at the time of making the said offer and proposal to the said *Joseph*, were, and ever since the rendition of the judgement by defendant above pleaded, have been ready and willing to submit the said matters to the said arbitrators according to the true intent and meaning of the said agreement, if the said *Joseph* would consent thereto. All which the said *Luther* is ready to

CHITTENDEN,
January,
1832.

Dixon
vs.
Sinclear.

verify : wherefore, he prays judgement for his debt, together with his damages by him sustained, to be adjudged to him.

*By Bailey and Marsh."*

The defendant demurred, and plaintiff joined in demurrer.

After argument by *Bailey & Marsh,* for plaintiff, and *Adams,* for defendant,

The opinion of the Court was delivered by

PHELPS, J.—This case comes before us on demurrer, and upon a state of pleadings somewhat complicated, especially as the replication contains a recital of the pleadings in a former action between these parties. As the demurrer was intended to draw in question the effect of all the proceedings in the former suit, as well as in this, it may conduce to a more correct understanding of the questions raised by the pleadings, to arrange the case in the order of time in which the various questions arose.

The plaintiff, it appears, recovered a judgement against the defendant, at the March term of Chittenden county court, A.D. 1826, for the sum in all of $181,58. But it further appears, that this judgement was entered by mutual consent, and subject to the award of arbitrators, upon certain claims pleaded in offset by the defendant. The arbitrators failed to make any award in the matter, and without any such award, the plaintiff, at the March term of said court, A. D. 1828, brought his action of debt on said judgement. The defendant defended the action, and pleaded, in substance, that the judgement was rendered upon the condition above stated, and that he was ready and willing to proceed with the arbitration, but that the plaintiff refused to proceed with it. The plaintiff replied, admitting the agreement, but denying that the defendant was ready or willing to proceed with the arbitration, and alleged that he refused to do so, although requested. Upon this, issue was joined, and found for the defendant, and judgement was rendered accordingly.

Subsequently to this, viz. at the March term of said court, A. D. 1830, this suit was brought by the plaintiff, being a second action of debt upon the same judgement. The defendant now pleads in bar the judgement in the former action ; and the plaintiff, in avoidance of that plea, replies, setting forth the pleadings in that suit, as shewing the grounds on which that decision was had, and avers an offer on his part to the defendant to submit the subject of the set off to the arbitrators named, and a refusal on the part of

CHITTENDEN,
January,
1832.

Dixon
vs.
Sinclear.

the defendant so to do.   To this replication, the defendant demurs, and, upon these pleadings, the question arises as to the sufficiency of the plea, in the first place, and secondly, as to the sufficiency of the replication.

The objection to the plea, in the present instance, is, that it does not, on the face of it, show a judgement which is to be regarded as a judgement on the merits of the claim, and, of course, a bar to the present action.

The plea states, the bringing of the previous suit by the plaintiff, for the same cause of action, and that " such proceedings were had, that said court rendered judgement, that the said *Luther* from having and maintaining his suit ought to be barred, and that the said *Joseph* recover his costs."

It is contended, that a judgement in these terms is not a bar to a future proceeding, for the same cause of action—that the term " bar" or " barred" is not a technical word, except as a generic term designating a certain kind of pleas—that it is not adopted, in the precedents of pleading, nor is it the appropriate language of a record.   It is admitted, however, that this is the usual form in our courts of entering a judgement for the defendant, upon a plea in bar.   If this admission be correct, it becomes a very serious enquiry, whether it be or be not a proper mode of entering judgement in such case, and whether, through the unskilfulness or inaccuracy of the ministers of justice, the proceedings of our courts of justice, for a period which may, and probably does, extend to the very organization of those courts, are to be regarded as having lost their appropriate decisive and conclusive character.   Very strong reasons certainly are required to justify a decision, which proceeding upon technical or formal grounds merely, would serve to break the seals, which, through immense labour and expense, have been placed upon a formidable mass of litigation.

In designating the appropriate language for a record of judicial proceedings, we know of no better rule, than that it should be expressed in clear, intelligible, and definite language.   These qualities may be derived from the common acceptation of words in common parlance, or from a precise technical import affixed to them as terms of art.   The term *bar* or *barred*, whether we consider it as a mere technical term or not, has, when used in its legal sense, a meaning, not only comprehensive and definite, but one which with professional men, as well as elsewhere, is distinctly apprehended.   It implies an insuperable obstacle—an answer to a claim, satisfactory and conclusive.   The use of the

CHITTENDEN
January,
1832.

Dixon
vs.
Sinclear.

term bar, as designating pleas to the merits of the action, renders it peculiarly proper as expressing the decision of a court, had upon the merits, and intended as a final determination of the controversy. Its introduction, under these circumstances, gives a meaning to the language of a decision, which it might not otherwise have. It is used with reference to its settled technical import, and as excluding the supposition of any evasion of the merits of the controversy.

It is said that the established form of such a judgement, as given in the books of precedents, is, " That the plaintiff take nothing by his bill." This is indeed the usual form in many courts. But this phraseology, aside of any artificial import attached to it in consequence of its use in this particular, is not inconsistent, with the supposition of an abatement, nonsuit, or demurrer. It does not, *ex vi termini*, negative either ; whereas, the term barred, taken in its settled and well known signification, negatives all. If, therefore, a distinction be taken between the two modes of expression, the one adopted in our courts is the most significant and the least equivocal.

It is further remarkable, that the ingenious counsel, who disapproved its use, being unable to discover in it any improper or equivocal import, are driven to condemn it as unmeaning and insensible, and this for no better reason, than that some elementary writers have substituted for it phrasology less explicit and unequivocal.

It is further objected, that the plea does not shew, that the parties were by the judgement put out of court. If we are right in supposing that the plea sets forth a judgement on the merits, there is no ground for this objection. The plea further states, that judgement was also, that defendant recover his costs. This part of the judgement negatives the supposition that there were other issues to be disposed of. A judgement that the plaintiff is barred, and that defendant recover his costs, seems to dispose of the case, and the parties are necessarily out of court. We are therefore of opinion, that the defendant's plea is sufficient.

The next subject of enquiry is, the sufficiency of the replication. This professes to set forth the pleadings in the former case, with the view of shewing, that the defence there urged was not a permanent bar, but of a temporary nature ; and proceeds to aver a readiness, on the part of the plaintiff, to proceed with the arbitration as a reason, why the defence relied upon on the former occasion is no longer available.

CHITTENDEN
January,
1832.

Dixon
vs.
Sinclear.

It may be remarked here, that it is the effect of the former judgement, and not its correctness, which we are called upon to consider. Whether an agreement, like that set forth in the plea to that action, relating to matters not necessarily involved in the plaintiff's action, contemplating an endorsement on the judgement, and not a modification of it by the act of the Court, and not entered of record, but resting in *pais* between the parties, is to be considered as affecting the absolute character of the original judgement, is a question then acted upon, and which is not now open for discussion. But the question now is, whether the defence then relied on is to be considered as temporary in its character, and whether the replication shews any thing to have occurred since to remove that defence. That there may be a temporary bar seems to follow from the doctrine laid down in some of the books, that some defences, which are temporary in their character, as that the plaintiff is an alien enemy, may be pleaded in bar. Why a plea, which goes merely to the temporary disability of the plaintiff, should have been regarded as a proper plea in bar, is not easy to be explained. It is sufficient that it is so, and the necessary inference is, that the defence can be made no longer than the disability exists. Where such a defence is relied on, it is most obvious, that the defence must appear to exist at the time it is pleaded. The *onus probandi* is undoubtedly on the defendant to show its continuance ; but if judgement is rendered for the defendant, and the plaintiff brings a new action for the same cause, it is evident that the judgement changes the burden of proof, and the plaintiff must rebut the effect of the judgement, by shewing the bar to have been removed.

Admitting the defence to this claim to have been a temporary bar, the question arises, has it been removed ?

There are two points of view, in which the agreement, connected with the original judgement in this case, may be regarded. The one is as a condition or qualification of that judgement, as in the case of a judgement, with a reference to arbitrators to ascertain damages. In this case, the judgement is not perfected nor complete, until their report is received and judgement perfected accordingly. If this is to be considered as that case, it follows, that the judgement is not to be enforced by action of debt in any court. It remains as *lis pendens* in the court where the proceeding is had, subject to the control of that court alone ; and the remedy for the plaintiff, in case the hearing before arbitrators is prevented, is to apply to that court to vacate both the judgement and the

CHITTENDEN,
January,
1832.

Dixon
vs.
Sinclear.

reference, and proceed with his action. It is evident, that the proceeding, in such case, is not at an end ; that no other court can have jurisdiction, and that debt cannot of course be brought on the proceedings. In this point of view, it is apparent, that nothing short of perfecting the judgement would avail the plaintiff. The mere readiness to proceed with the hearing before arbitrators is not sufficient. The replication, therefore, upon this supposition is insufficient.

The other point of view in which the case may be regarded is this. The original judgement may be supposed to be absolute in its terms, having no allusion to the subject of the arbitration, and the agreement between the parties to be a mere matter *in pais*, made with reference to a satisfaction of the judgement. In this point of view, it might be questionable, whether the agreement would operate to bar the plaintiff's remedy on his judgement, any farther than it might suspend that remedy until the time limited for the arbitrators to make their award had expired. Were that question now open for discussion, it might perhaps be urged, that the breach of that agreement would not affect the validity of the judgement; but that when the time limited had expired, the plaintiff might have execution of his judgement, and the defendant would be driven to his remedy for the breach of the agreement. In accordance with this doctrine, it might be further urged, that the agreement created a mere temporary bar, existing so long, and no longer, than the agreement continued in force. Certain it is however, that the willingness or readiness of either party, to perform the agreement after that time, could not affect the validity of the judgement. Adopting, for the sake of argument, this view of the subject, and treating the agreement as a temporary bar, we are still forced to consider the bar as removed, when the agreement expired. That agreement expired on the first day of June, A. D. 1826, the time limited for the arbitrators to make their award. At that period, their power ceased, and the submission was at an end. Subsequent to this, to wit, at March term, 1828, the plaintiff brought the second action, and at August term, 1829, the judgement was rendered which is relied upon by the defendant as a defence in this suit. That judgement was, at all events, conclusive of the controversy as it then stood : it still remains in full force, and with all its incidents. It is not competent for us to revise or reverse it ; nor can we avoid its conclusive effect upon the plaintiff's claim. If the plaintiff's argument be correct, the former judgement was wrong ; but if so, it cannot now be remedied,

Nor is the case altered by the subsequent offer, on the part of the plaintiff, to submit anew the matters in controversy,agreeably to the former agreement. That agreement was at an end, and, as is to be inferred from the pleadings, by the plaintiff's own act; and no subsequent proffer of his could revive it, or affect either of the former judgements. That being the case, the replication shows nothing material to have occurred, since the rendition of the former judgement; and the result is, that the replication is insufficient, and

CHITTENDEN,<br>January,<br>1832.<br>—————<br>Dixon<br>vs.<br>Sinclear.

Judgement must be for the defendant.