ELISHA  WHITE, *Administrator of* HARRY  BAXTER'S  ESTATE  *v.*
SIMONDS, CONANT & CO.

*Verdict.   Judgment.   Evidence.*

When a case involving two  or more issues is submitted to the jury with evi-
dence tending to sustain them  all, and the jury return a general verdict,
such a verdict is *prima facie* evidence that all the issues were found in favor
of the party for whom the verdict was rendered.

Therefore, where the judgment upon such  a verdict is  presented  by the
defendant, in whose favor it  was rendered, to defeat a  recovery in a subse-
quent suit brought against him on the  same cause of action, the burden of
showing that the verdict in the first suit was rendered only on one of the
issues therein, which formed merely a temporary bar to the suit and that
such bar has since been removed, is thrown upon the plaintiff.

If a party would avoid this effect of a general verdict against him, he should
see to it that the jury by their verdict declare upon what issue it is rendered,
PIERPOINT, J.

Where the plaintiff in the second suit offered no evidence tending to show that
the general verdict in the first suit was not rendered upon the issue involv-
ing the merits; *Held,* that it was immaterial that the court below charged
the jury that the verdict in the first suit was *conclusive,* instead of *prima facie*
evidence, in favor of the defendant in the second suit, as in the absence of
such evidence it was in fact conclusive.

ASSUMPSIT on three promissory notes, made by the defendants
and payable to Harry Baxter or order.  The defendants E. B.
and  James Simonds suffered judgment by default.  The defend-
ant Conant pleaded the general issue, with a special notice, and
the case was tried by  jury at the  June Term, 1857,—POLAND,
J., presiding.

The plaintiff read in evidence the notes declared upon, and the
defendant Conant admitted that at the  date of the  notes the
defendants were partners as  alleged in the declaration, and that
E. B. Simonds, one of the firm, signed the notes.

The defendant Conant then gave in evidence an exemplified
copy of the record of a judgment in a suit by Wm. H. Baxter,
as endorsee of these notes, against Simonds, Conant & Co, in the
court of common pleas, in Suffolk county, in the State of Massa-
chusetts, which was tried by jury, and a verdict rendered for the

defendants.   The defendant Conant then gave evidence tending to prove that upon the trial of the action in Massachusetts, he gave evidence tending to prove that these three notes were not given for any indebtedness or liability of the defendant's firm, but were executed by E. B. Simonds, for his own individual liability and benefit, and that this was known to the payee of the notes at the time, and also that evidence was given on that trial tending to show that that suit was brought by Wm. H. Baxter, before the notes were in fact endorsed to him by the plaintiff in the present action, and that these two issues were submitted to the jury by the judge before whom the cause was tried.

The plaintiff claimed that if the defence that the notes were executed by E. B. Simonds in fraud of the partnership, was set up to all these notes, and submitted to the jury as to all, yet as the verdict for the defendant might have been found on the other ground of defence, this verdict and judgment were no bar to the present action.

The defendant thereupon introduced evidence tending to prove that by the law of the State of Massachusetts, as established by several decisions in the supreme court of that State, where the pleadings in a case raise several issues, some of which go to the merits of the action, and others only to the maintenance of the particular suit, a general verdict is conclusive upon all the issues as to which evidence is given, and which are submitted to the jury; that parol evidence is there admitted to show upon which of the issues appearing upon the record, evidence was given on the trial, and that in Massachusetts this verdict and judgment would be conclusive in favor of the defendant, if the defendant proved that upon the trial, his defence and evidence as to the merits, applied to all the notes.   The court found from the evidence, that the law of Massachusetts, and the effect of this verdict and judgment in that State were such as the defendant's evidence tended to prove.

The court charged the jury that if they found from the evidence that upon the trial of the action in Massachusetts, the defendant Conant gave evidence tending to show that all the notes were executed by E. B. Simonds, in fraud of the firm, and that the question was submitted to the jury upon that evidence, as to all the notes, then that verdict and judgment were conclusive in

favor of the defendant in this action, though another question was also submitted to the jury not affecting the merits.

To this charge, and to the refusal of the court to charge according to the claim of the plaintiff above stated, the plaintiff excepted. Verdict for the defendant.

*T. P. Redfield,* for the plaintiff.

*Peck & Colby,* for the defendant.

PIERPOINT, J. This was an action of assumpsit brought on three promissory notes.

For a defence, the defendant relied on a judgment rendered in their favor, in the State of Massachusetts, in a suit on the same notes, brought in the name of Wm. H. Baxter, as evidence, and, to sustain it, introduced a copy of the record of such judgment, accompanied with evidence tending to show, that the suit there was tried upon two issues, one denying the merits of the plaintiff's claim, and the other only presenting a temporary bar to the plaintiff's recovery. Also that upon the trial, evidence was introduced by them on both issues, as to the three notes, and, that a general verdict was returned in their favor, on which judgment was rendered.

The defendant also introduced evidence tending to show, that by the law of Massachusetts, such a judgment would be conclusive in their favor, in a suit like the present brought there.

The court charged the jury, that if they found that in the trial of the case in Massachusetts, the defendant gave evidence upon the issue on the merits, and the question therein was submitted to the jury, and they rendered a general verdict in favor of the defendants, and judgment was rendered thereon, such judgment was conclusive in favor of the defendants in this action, although the question was also submitted to the jury on the other issue, not affecting the merits.

When a case is submittted to the jury, involving two or more issues, with evidence tending to sustain them all, and a general verdict is rendered, such verdict is *prima facie* evidence that all the issues were found in favor of the party for whom the verdict

is rendered.    And when, as in this case, a judgment on such verdict is presented by the defendants to defeat a recovery in a subsequent suit, brought on the same cause of action, the burden of showing that the verdict in the first suit was rendered upon an issue, presenting only a temporary bar, and that such bar has since been removed, or has ceased to operate, is thrown upon the plaintiff.    This principle is fully recognized in *Squires* v. *Whipple*, 2 Vt. 111 ; and in *Dixon* v. *Sinclair*, 4 Vt. 354.

If a party against whom a verdict is rendered, would avoid this effect of a general verdict, it is incumbent on him to see to it, that the jury by their verdict declare upon what issue it is rendered.

But it is said the county court erred in charging the jury that the judgment was *conclusive* in favor of the defendants in this action.

What the law of Massachusetts is on this subject, or which branch of the tribunal is to decide the matter, the court or the jury, are questions which it is not necessary for us now to determine, inasmuch as no evidence was offered by the plaintiff tending to show that the verdict in Massachusetts was rendered upon any other issue than that as to its merits.

If the plaintiff had offered evidence upon that point, and the court had excluded it, or if they had admitted it, and then charged the jury that the judgment was conclusive, in the language given in the bill of exceptions, or if we could see from the manner in which the case is made up that the plaintiff had omitted to introduce evidence upon this point, in consequence of the ruling of the court, the question would then arise as to the *conclusive* legal effect of that judgment.

Nothing of this kind appears in the case, but on the other hand it is quite apparent that the plaintiff relied entirely upon the fact that the verdict in Massachusetts might have been returned upon the issue that presented only a temporary bar, and therefore could have no effect to prevent or embarrass his recovery in this suit.    In this state of the case, it is entirely immaterial whether the judgment be regarded as absolutely conclusive, or only *prima facie* so, inasmuch as a *prima facie* bar, without anything to remove it, is just as conclusive in this case as a matter of fact,

as though it was absolutely conclusive as a matter of law, and fully justified the court in telling the jury that it was conclusive in favor of the defendant in this action.

The judgment is affirmed.