## DAY and Others *v.* VALLETTE.

SHERIFF'S SALE—VENDOR'S LIEN.—Where lands are sold upon execution, and the purchaser fails to pay the amount of the bid, and judgment is taken against him for the amount of the bid and damages, there is no equitable lien upon the land in favor of the execution plaintiff for the purchase money.

PLEADING.—Each paragraph of a complaint must contain within itself sufficient averments to constitute a good cause of action.

FORMER RECOVERY.—By the record of a former suit, filed with a plea of former recovery, it appeared that the issues joined in the former suit involved the questions presented in this, but there were also other issues in the former suit, which if found for the same party would have produced the same result, though the jury might decide such of the issues as were involved in the present case the other way.

*Held,* that the former recovery was *prima facie* a conclusive bar to the present suit.

ABSTRACT OF RECORD.—A mere index of the record is not a compliance with the tenth rule of this court, which requires the filing of an abstract of the record.

APPEAL from the *Morgan* Circuit Court.

FRAZER, C. J.—Where upon the sale of lands upon execution the purchaser fails to pay the amount of his bid, and the execution plaintiff obtains judgment against such purchaser for the amount of his bid, and ten per cent. damages, there

Day and Others *v.* Vallette.

is no equitable lien upon the land in favor of the execution plaintiff for the purchase money, as in case of vendors. The execution plaintiff is not a vendor, nor a privy in estate or in law, and it is only in favor of such that the lien exists. *McKillip, Adm'r.,* v. *McKillip,* 8 Barb. Sup. Ct. Rep. 552.

The third paragraph of the complaint as amended in this case shows no case entitling the plaintiff below to any relief whatever, and the demurrer to it ought to have been sustained. Each paragraph must contain within itself sufficient averments to constitute a good cause of action. This not only fails to show that the plaintiff has any cause of action, but it utterly omits to connect him in any manner with the facts which it alleges, or to refer to anything which does so connect him. Our code is not liberal enough to warrant us in sustaining such a paragraph.

Error is assigned upon the action of the Circuit Court in sustaining a demurrer to the third paragraph of the answer, which set up a former judgment in the same matter. A copy of the record of the former suit is made part of the paragraph, from which it appears that the issues in that case involved the question in this, and that there was a general finding and judgment against the plaintiff in this case. There were other issues, however, which, if determined for the same party, would have produced the same finding and judgment, though the jury might decide such of the issues as were involved in the present case the other way. It may be, therefore, that the former judgment is not necessarily a conclusive bar to this suit; but this need not be now decided. Is it such *prima facie?* We think so. *Agate* v. *Richards,* 5 Bosw. 456. The demurrer ought, therefore, to have been overruled.

It was not error to strike out the fourth paragraph of the answer on motion, it being substantially the same as the third.

There are a large number of other questions urged by counsel, but, inasmuch as the appellant does not present them as the practice requires, they are not considered. A

mere index to the transcript is not a compliance with the tenth rule of this court.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to set aside so much of its proceedings as are inconsistent with this opinion.

*T. A. Hendricks* and *W. R. Harrison,* for appellants.

*J. A. Beal,* for appellee.