# IN GENERAL TERM, 1873.

JOSEPH B. DESSAR *v.* WILLIAM C. RICH, ET. AL., Appellants.

PRACTICE—
EXCEPTIONS—
SURETYSHIP.
INDORSER.

Where there is a plea of former adjudication, and it is shown that the issues joined were such that the question presented by the issues in the cause being tried, need not have been passed upon in arriving at the judgment rendered in the former cause, it is competent to show by a bill of exceptions, containing the evidence, and agreement of the parties filed in the former cause, that the issues now presented were not before tried.

Where a judgment is rendered against the makers, and an indorser of a note, without any finding that the indorser was surety for the makers, the indorser stands as a joint judgment-debtor only, and a payment of the judgment by such indorser, extinguishes the judgment, in so far, at least, that he cannot afterwards have an execution issued for his benefit against the other parties to the judgment.

Dessar *v.* Rich *et al.*

In such case, the judgment plaintiff, after payment by the indorser, has no interest in the judgment that can be sold, or assigned to any one else, or collected without assignment, for the benefit of any other person. Nor had such indorser any interest in the judgment that he could sell, or assign.

*Morrow & Trusler*, for appellants.
*Dye & Harris*, for appellee.

BLAIR, J.—The complaint in this case alleges, that on the 10th day of November, 1871, the Merchants' National Bank of Indianapolis, recovered a judgment in the Superior Court against Daniel C. Rich, Abijah Rich, Harvey Rich, Reuben D. Rich, and the plaintiff, Joseph B. Dessar, on a note made by the Rich's, payable to the plaintiff in this cause, and by him indorsed; that afterwards the plaintiff paid, or deposited with the Merchants' National Bank, the amount of principal, and interest of the judgment, with the agreement between the plaintiff, and the bank, that the plaintiff should be the equitable owner of the judgment, and that the bank should collect the same of the makers of the note for the benefit of Dessar, the plaintiff; that afterwards, on the 28th of June, 1872, the bank, without the consent, or knowledge of Dessar, the plaintiff, assigned the judgment to one William C. Rich, who has caused execution to issue on the same, and the Sheriff is about to levy on the property of the plaintiff; wherefore, the plaintiff asks that the defendant William C. Rich, and the Sheriff may be enjoined from levying the execution, and that the judgment may be declared satisfied, and the execution quashed.

A second paragraph of the complaint is substantially the same, except that it avers that Dessar, the plaintiff herein, paid the judgment, and was discharged before the assignment of the judgment to William C. Rich.

The first error assigned is the overruling of separate demurrers to each paragraph of the complaint.

The first paragraph of the complaint has a degree of uncertainty in it, because it alleges that the amount of the judgment was "paid, or deposited with the bank," but in either event, the allegations are sufficient to show that the bank could no longer collect the judgment of the plaintiff, and the assignee could not acquire any greater rights by the assignment; hence, we believe the complaint good.

There was a plea of former adjudication filed by the defendants, to which the plaintiff replied, that the record of the former suit showed an agreement made in open court, that the question of equitable ownership of the judgment by the plaintiff, on account of the payment to the bank was not raised, and hence was not passed upon.

After the defendants had introduced in evidence all of the record in the former suit, except a bill of exceptions filed in said cause, the plaintiff then offered in evidence, a bill of exceptions filed in said cause, containing the evidence, and also showing an agreement in open court, substantially as set up in the reply of the plaintiff. To the introduction of this evidence the defendants objected, and it was admitted over the objection.

This is assigned as error. We think the evidence was rightly received. The issues joined in the former cause were such that the precise question presented by the issues in this proceeding, need not have been passed upon in arriving at the judgment before rendered. In such case it is competent to show by the evidence, that the issues now presented were not tried in the former cause. *Day et al.* v. *Vallette,* 25 *Ind.,* 42; *The Washington, Alexandria & Georgetown Steam Packet Company* v. *Sickles et al.,* 24 *How.,* 333.

The bill of exceptions was, therefore, admissible for this purpose. All the other errors assigned are comprehended within the one, that the finding is not supported by the evidence.

The evidence sustains the main facts alleged in the com-plaint. The judgment that was recovered by the Bank against Rich's, and the plaintiff Dessar, was in the ordinary form, without any finding that Dessar was a surety for the Rich's. Without such finding, he stood but as a joint judg-ment debtor, and a payment of the judgment by him extin-guished the judgment; in so far, at least, that no execution could afterwards be issued against the other parties to the judgment for his benefit. *Loval et al.,* v. *Rowley,* 17 *Ind.,* 36. The fact that if the judgment was collected from the makers of the note, the plaintiff was to have the benefit of the amount so collected, made the payment by Dessar none the less a payment of the judgment. Without an adjudica-tion of the question of suretyship by the court, the plaintiff, and one of the judgment defendants, had no right to assume that an execution could be issued, and levied of a portion of the judgment defendants for the benefit of a co-defendant.

The Bank was entitled to but one satisfaction of the judg-ment, and having had that from a party that was liable, she had no interest in it to be sold, or assigned to any one else, or collected without assignment for the benefit of any other person. See the case of *Loval et al.* v. *Rowley,* before cited, and the statute therein commented upon, and con-strued. Nor had Dessar any interest in the judgment that he could sell, or assign. He had a right to have had the question of suretyship tried, and after that, if he paid the judgment, it would still be kept alive for his benefit, but without this, he had only his right of action against his co-defendant in judgment.

We see no error, therefore, in the cause, and are of the opinion that the finding, and judgment of the Court is fully sustained by the evidence.

Judgment affirmed.