SOLOMON J. RHOADS

*v.*

THE CITY OF METROPOLIS.

*Filed at Mt. Vernon, November 4, 1891.*

1. FORMER ADJUDICATION — *effect of a general verdict and judgment in a case presenting several issues of fact.* In an action of trespass *quare clausum fregit* against a city, the city interposed three pleas: Not guilty; that the alleged close was a public street of the city, and the statute of limitations, and introduced evidence in support of the two latter pleas, and a verdict and judgment of not guilty were rendered: *Held,* that the verdict and judgment were, at least, *prima facie* evidence that all the issues presented by the pleadings were found in favor of the defendant.

2. SAME — *presumption when there are several issues.* When several issues are presented and contested, and a general verdict is rendered,

the presumption is that all the issues were found in favor of the prevailing party, but whether such presumption may be rebutted by proof is not decided.

WRIT OF ERROR to the Appellate Court for the Fourth District; — heard in that court on appeal from the Circuit Court of Massac county; the Hon. R. W. McCARTNEY, Judge, presiding.

Mr. C. L. V. MULKEY, for the plaintiff in error :

The doctrine of estoppel is not to be extended beyond the reasons on which it is founded. 1 Greenleaf on Evidence, sec. 204 ; 2 id. sec. 22.

A former judgment, relied upon as a bar, prevents parties from relitigating, not only every ground of recovery and defense actually presented in the former action, but also every ground that might have been presented in that action.

The cause of action in this suit is not identical with the cause of action in the trespass suit. Would evidence sufficient to entitle Rhoads to a judgment in this case, if offered by him on the trial in the trespass suit, have entitled him to a judgment in that suit ? If yes, the causes of action are the same and the former judgment is a bar.

"A judgment is a bar if the cause of action is the same. And the cause of action is the same when the same evidence will support both actions; or rather the judgment in the former action will be a bar, provided the evidence necessary to sustain the judgment for the plaintiff in the present action would have authorized a judgment for him in the former." *Taylor* v. *Castle*, 24 Cal. 371.

Would proof of title by Rhoads in the trespass suit have authorized a judgment for him in that action ? Without further comment, we submit the following authorities on this branch of the case : Freeman on Judgments, sec. 259 ; 7 Robinson's Practice, 168 ; Bigelow on Estoppel, 34, 54, 109, notes; *Miller* v. *Maurice*, 6 Hill, 114.

In cases of this class it is immaterial whether the subject-matter in the two suits is the same, or whether the cause of action is the same in both actions. But it is absolutely necessary to show that the specific matter of fact sought to be raised has been already put in issue, litigated and found against a party, before he can be precluded from raising it in a subsequent suit. *Outram* v. *Morewood*, 3 East, 346 ; *Cromwell* v. *County of Sac*, 94 U. S. 351 ; *Hanna* v. *Read*, 102 Ill. 596 ; Bigelow on Estoppel, 36.

We rest our case on this proposition of the law :

In the absence of a special finding on a matter material to the issue, a verdict and judgment thereon are conclusive as an estoppel by verdict only as to facts without a determination of which the verdict could not have been rendered. Freeman on Judgments, secs. 256, 257, 276.

Messrs. COURTNEY & HELM, for the defendant in error :

The former verdict and judgment is *res judicata* on the question of highway between these parties. It is a fundamental principle that a matter, whether consisting of one or more questions, which has been adjudicated by a court of competent jurisdiction, shall be finally and conclusively settled in any subsequent litigation between the same parties where the same question or questions arise. *Hanna* v. *Read*, 102 Ill. 596; Bigelow on Estoppel, 45 ; *Outram* v. *Morewood*; 3 East, 346 ; *Miller* v. *Maurice*, 7 Hill, 115.

It is not necessary that the form of action in the suits be the same. *Hanna* v. *Read*, *supra ;* Freeman on Judgments, sec. 355; *Cist* v. *Zeigler*, 16 S. & R. 282; *Demarest* v. *Darg*, 32 N. Y. 281.

Neither is it required that the subject-matter of the two suits be the same. Freeman on Judgments, sec. 253; *Castle* v. *Noyes*, 14 N. Y. 329.

All that is necessary is that the matter has been adjudicated between the same parties in a former trial; if so, it is conclu-

sive without regard to the form of the action or the subject-matter of the two suits. *Hanna* v. *Read, supra; Conawell* v. *County of Sac,* 4 Otto (U. S.), 351; *Gardner* v. *Buckbee,* 3 Cow. 120.

In *Harmon* v. *Auditor, etc.,* 123 Ill. 133, it is said that "a former judgment is conclusive as to all questions within the issue. It extends not only to all questions of fact which were decided in the former suit, but also to the grounds of recovery or defense which might have been but were not presented."

And in the case of *Riverside Co.* v. *Townsend,* 120 Ill. 9, it is said that "a former judgment constitutes an absolute bar to a subsequent action, concluding parties not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

Where several issues are presented and contested and a general verdict is rendered, the presumption is that all of the issues were found in favor of the prevailing party. Freeman on Judgments, secs. 272, 276; Abbott's Trial Evidence, 832; Herman on Estoppel and Res Judicata, secs. 212, 227, 125; *Shelden* v. *Edwards,* 35 N. Y. 288; *Merchants' Steam Line* v. *Lyon,* 12 Fed. Rep. 63; *White* v. *Simonds,* 33 Vt. 178; *Day* v. *Vallette,* 25 Ind. 42; *Hames* v. *Water Co.,* 5 Sawyer, 287; *Rockwell* v. *Langley,* 19 Pa. St. 502; 2 Smith's Leading Cases, 773.

This presumption is not conclusive but *prima facie* only, and may be rebutted by showing that no evidence was offered on one or more of the issues. *Steam Packet Co.* v. *Sickles,* 24 How. 333; *Seddon* v. *Tutop,* 6 T. R. 607; *Sawyer* v. *Woodbury,* 7 Gray, 499; *Preston* v. *Peeke,* 1 Ellis, Bl. & El. 336.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

The city of Metropolis brought suit against Solomon J. Rhoads, before a police magistrate, for a violation of a city

ordinance, such violation consisting, as is alleged, in erecting two fences across a certain public street of said city, thereby obstructing said street. The police magistrate imposed upon the defendant a fine of $10 and rendered judgment against him for that sum and costs, and the defendant thereupon removed the cause to the Circuit Court by appeal. In that court a jury was waived, and a trial *de novo* was had before the court upon the following stipulation as to the facts:

"*It is agreed and stipulated* by and between the parties to the above entitled suit, which is a prosecution for the recovery of a penalty for the violation of a city ordinance in obstructing a street within said city, that the same shall be tried upon the following agreed state of facts:

"It is agreed that, in the year 1885, the above named defendant brought an action of trespass *quare clausum freyit* against the city of Metropolis for removing the soil from the alleged street and grading the same. To this action of trespass the city pleaded: 1st. The general issue with notice that evidence would be offered under the general issue to prove that the *locus in quo* was a public highway within the corporate limits of the city. 2nd. The Statute of Limitations. 3rd. That the *locus in quo* was the property of the city. Issue was taken on all the pleas. Evidence was offered by both parties on all the issues made by the pleadings, and also evidence was offered by both parties under the notice that the *locus in quo* was a public highway within said city. That is to say, under the notice evidence was given to the jury by the city that the *locus in quo* was a public highway within the city, and that the acts done were in repairing the same. Rhoads gave evidence to the jury that the *locus in quo* was not a public highway. But no evidence was offered by the city under the general issue. The plaintiff Rhoads offered evidence to prove the allegations in his declaration. The jury found the defendant in that suit not guilty, and at the April term, 1887, of said court, a judgment was rendered for the defendant on the general verdict of not guilty.

" Now, if the above verdict and judgment thereon concludes
and estops Rhoads from offering evidence in the present suit to
prove that the *locus in quo* or the alleged street, which is the
same identical property in controversy in the trespass suit, is
not a public highway, or estops him from proving the property
to be the property of himself, then the court is to render a
judgment for the city of Metropolis and assess a penalty against
Rhoads, under the ordinance, for ten dollars and costs.   But if
such judgment does not operate as an estoppel as above set
forth, then, and in that event, the court shall render a judg-
ment in this suit in favor of Rhoads, and assess costs thereon
against the city of Metropolis."

The foregoing stipulation was all the evidence offered on
said trial, and on said stipulation the court found the defend-
ant guilty, and rendered judgment against him for a fine of
$10 and costs.   The defendant having excepted to said finding
and judgment, appealed to the Appellate Court, where said
judgment was affirmed, and he now brings the record to this
court by writ of error to the Appellate Court.

The only contention made here is, that the courts below
erred in holding, that the verdict and judgment in the action
of trespass *quare clausum fregit*, mentioned in said stipulation,
should have the effect of an estoppel upon the defendant in
this suit, to deny that the *locus in quo* of the alleged obstruc-
tions is a public highway, within the corporate limits of and
the property of said city.   In that action, as the stipulation
shows, the plaintiff, who is the defendant here, charged the
city with trespass in breaking and entering his close, which is
the *locus in quo* of the present controversy, and digging up
and removing the soil therefrom.   The city, by its pleadings,
set up three distinct defenses, 1. that presented by the plea
of not guilty, which in that form of action constituted merely
a denial of the acts of trespass complained of; 2. that raised
by the notice filed with the general issue, that the city would
prove on the trial that said *locus in quo* was a public highway

within and the property of the city, thus presenting, in substance, the defense of *liberum tenementum*, and, 3. the Statute of Limitations.   It is admitted that evidence applicable to all of these defenses was introduced at the trial, except that the city gave no evidence in support of its plea of not guilty. The verdict of the jury was not guilty, which, as must be admitted, was in form at least if not in substance and effect a general verdict in favor of the defendant upon all the issues submitted, and on such verdict judgment was rendered in favor of the city.

The plaintiff in error insists that, as there were several distinct defenses presented by the pleadings, either of which, if sustained by the evidence, justified a verdict of not guilty, it can not now be determined upon which of said defenses the jury in fact based their verdict.   It is therefore argued that the verdict and judgment are not inconsistent with the theory that the city may have failed to prove its title, but succeeded in proving that the trespasses with which it was charged were committed at such time that an action therefor was barred by the statute, and consequently that no conclusive presumption arises that the defense of *liberum tenementum* was sustained.

The decisions of the courts of the different States are not altogether uniform as to the effect, as an estoppel, of a verdict and judgment in favor of a defendant, in a case where several distinct and separate defenses are presented by the pleadings, but in our opinion the preponderance of authority sustains what seems to us to be the better and more reasonable rule, that where evidence upon all the issues is heard, a general verdict in favor of the defendant is *at least prima facie* evidence, that all the issues presented by the pleadings were found in his favor.   *White* v. *Simonds*, 33 Vt., 178, is quite in point. That was an action of assumpsit on three promissory notes, and the defendants relied for their defense upon a judgment in their favor in the State of Massachusetts in a suit on the same notes, in which two issues were tried, one denying the merits of the plaintiff's claim and the other only presenting a tem-

porary bar to the plaintiff's recovery. It appeared that upon the trial of that case, evidence was introduced by the defendants on both issues, and that a general verdict was returned in their favor, on which a general judgment was rendered. Such former verdict and judgment were held to be conclusive of the issue denying the merits, the court saying: "When a case is submitted to the jury, involving two or more issues, with evidence tending to sustain them all, and a general verdict is rendered, such verdict is *prima facie* evidence that all the issues were found in favor of the party for whom the verdict is rendered. And when, as in this case, a judgment on such verdict is presented by the defendants to defeat a recovery in a subsequent suit, brought on the same cause of action, the burden of showing that the verdict in the first suit was rendered upon an issue presenting only a temporary bar, and that such bar has since been removed, or has ceased to operate, is thrown upon the plaintiff."

In *Day* v. *Vallette*, 25 Ind., 42, a general verdict and judgment in favor of the defendants was pleaded in bar, and it appeared that the issues joined in the former suit involved the same questions presented in the suit on trial, but that there were also other issues in the former suit, which if found for the same party would have produced the same result, even though the issues involved in the suit on trial had been decided the other way, and it was held that while the former verdict and judgment were not necessarily a conclusive bar to the second suit, they were so *prima facie.*

In *Sheldon* v. *Edwards*, 35 N. Y., 279, the defendant in a former suit, had, under the provisions of the New York Code, joined in his answer what amounted to a plea in abatement with a plea to the merits in bar, and it was held that a general verdict and judgment in favor of the defendant in such former suit was a bar in his favor in a subsequent suit, as to both defenses.

In *Merchants' International Steamboat Line* v. *Lyon*, 12 Fed. Rep., 63, the trial court charged the jury that, where two

defenses are set up in an answer, and evidence is submitted to a jury upon the trial of the action tending to support both defenses, and a general verdict is rendered for the defendant, such verdict and judgment is a bar in another action upon the same demand. On motion for a new trial heard by both the Circuit and District Judges it was held that said charge was correct. See Freeman on Judgments, sec. 276.

It should be observed that in the case at bar there is no attempt to rebut the presumption arising from the verdict and judgment, and it is therefore unnecessary for us to consider whether said presumption is anything more than *prima facie*, or whether it is subject to be rebutted by proof that the jury in fact found but one of the issues in the former suit in favor of the city. It is difficult however to see how a party, after admitting that evidence in support of both defenses was submitted to the jury, could show *aliunde* that the verdict was found upon one and not both defenses, without inquiring into the secret deliberations of the jury room, and that is seldom if ever admissible.

We are of the opinion that the Circuit and Appellate Courts adopted the correct rule in the premises, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*