AJAX RUBBER COMPANY, INC., a corporation of the State of Delaware, *vs.* EMMA S. GAM.

(*March* 3, 1925.)

RICE and RODNEY, J. J., sitting.

*H. H. Ward*, JR., (of Ward, Gray and Neary) for plaintiff.
*Harry Emmons* for defendant.

Superior Court for New Castle County, November Term, 1924.

No. 40, March Term, 1923.

RICE, J., delivering the opinion of the court:

The defendant signed a contract of guaranty under the terms of which she guaranteed the "prompt payment of all purchases heretofore made and that may hereafter be made by the A. B. Rothacker Rubber Company, Inc., from the Ajax Rubber Company, Inc., up to the amount of $25,000. * * * " Subsequently the defendant signed three promissory notes made payable to the plaintiff company. The three notes represented the amount of the merchandise sold by the plaintiff to the Rothacker Rubber Company under the alleged contract of guaranty. The notes when they came due were not paid by the Rothacker Company or by the defendant, and the plaintiff brought an action in the Superior Court of this county against the Rothacker Rubber Company and Emma S. Gam to recover upon the notes. The Rothacker Rubber Company was not served with process and the trial proceeded against the defendant, Mrs. Gam. Under the general issue the defendant, to prove that the notes were given to the plaintiff without consideration, introduced evidence to show that the contract of guaranty was fraudulently obtained from the defendant by the plaintiff or its agent. The plaintiff, on its part,

produced evidence to show that the contract of guaranty was a valid instrument. Under the general issue the defendant also introduced evidence to show that the three promissory notes were fradulently obtained by the plaintiff from the defendant and the plaintiff introduced evidence to meet this contention. There were, therefore, two distinct issues of fact at the first trial: (1) That the notes were given without consideration because the contract of guaranty was fraudulently obtained. (2) That the notes were obtained from the defendant by fraud on the part of the plaintiff or its agent. At such trial there was a general verdict in favor of the defendant and judgment was duly entered thereon.

In the present action of covenant the plaintiff seeks to recover on the contract of guaranty. One of the defenses to the suit is that the plaintiff is barred from recovery by reason of the judgment for the defendant in the former action. The plaintiff, in its replication claims that the judgment in the former action cannot act as an estoppel in this action for the reason that it appears from the pleadings in this action and the record in the former action that there were two distinct issues being tried, and as the verdict and judgment were general it cannot be said that the invalidity of the contract of guaranty was then determined.

The case is now before us on a demurrer to plaintiff's replication. In support of the demurrer, the defendant claims that every fact at issue and tried in the former trial must be considered as determined by the verdict and judgment in that trial, and, therefore, the plaintiff is barred from a recovery in this action.

The plaintiff contends that it is not estopped by the former judgment because this is a different cause of action and the invalidity of the contract of guaranty was not determined in the former trial.

█ Relative to the plea of *res adjudicata* it is stated in *Jones v. Charles Warner Co.*, 2 *Boyce* (25 *Del.*) 566, 83 *A.* 131:

"The rule is general that a former judgment on the merits, between the same parties, in a court of competent jurisdiction, is conclusive and final as to any issue actually litigated and determined in the former actions, however erroneous, and which issue is essential to the maintenance of a second action between them, though it be brought upon a different cause of action."

This rule is generally recognized by all the authorities. The difficulty is not in stating the general rule, but it is in ascertaining what has been determined by the former judgment, and especially is this so when several issues have been raised at the former trial and the judgment is a general one. An increased difficulty arises when the subsequent suit is upon a different cause of action.

From an examination of the cases it appears that there is a tendency on the part of some courts to apply the same principles of *res adjudicata* where the cause of action is the same, to those cases where the cause of action is different, and some question at issue in the first suit is also an issue in the second. When the parties are the same and the cause of action is the same a former judgment is a bar in another action to all matters at issue and tried, also to those questions which should and could have been raised and determined. Thus when there are several issues raised and tried in an action, a general judgment will be a bar in another action, not only to all issues raised and tried, but also to any questions which should and could have been raised and determined.

Where the cause of action is different and there were several issues in the former trial, a general judgment will not be effective as an estoppel in another action unless it should appear that the precise question at issue in the second suit was necessarily or actually determined in the first suit. *Cromwell v. County of Sac*, 94 *U. S.* 351, 24 *L. Ed.* 195; *Russell v. Place*, 94 *U. S.* 606, 24 *L. Ed.* 214; *Aiken v. Peck*, 22 *Vt.* 260; *DeSollar v. Hanscome*, 158 *U. S.* 216, 15 *S. Ct.* 816, 39 *L. Ed.* 956; *Lander, Adm'r, v. Arno*, 65 *Me.* 26; *Dygert v. Dygert*, 4 *Ind. App.* 276, 29 *N. E.* 490.

The following cases were cited as authority to the contrary: *White v. Simonds*, 33 *Vt.* 178, 78 *Am. Dec.* 620; *Rhoads v. City of Metroplis*, 144 *Ill.* 580, 33 *N. E.* 1092, 36 *Am. St. Rep.* 468; *Sheldon v. Edwards*, 35 *N. Y.* 279; *Baxter v. Aubrey*, 41 *Mich.* 13, 1 *N. W.* 897. But an examination of the cases cited as so holding will disclose that in some of the cases the cause of action was the same, and in others the transactions were so connected that a determination of one was necessarily a determination of the other.

However, where the cause of action is different, the question is

whether in a present case the fact to be determined was necessarily or actually determined in a former adjudication between the parties. In Herman on Estoppel, *Section* 111, it is stated:

"To ascertain whether a former judgment is a bar to future litigation, the criterion is, was the the same vital matter directly at issue and determined."

Also in the same section the following language is used:

"A judgment of a court of competent jurisdiction upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but to this operation of a judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record, the whole subject matter of action will be at large and open to a new contention; unless this uncertainty be removed by extrinsic evidence, showing the precise point involved and determined. To apply the judgment and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible. So that when the grounds of the judgment appear by the record they must be proved by the record alone. When the record fails to show the ground upon which judgment therein was rendered, a resort may be had to the next best evidence."

Applying this criterion as a test, and the law as stated to the facts of the present case, it would appear that the right of the Ajax Rubber Company to recover from the defendant on the promissory notes was conclusively determined against the plaintiff. But can it be said that the invalidity of the guaranty contract was also determined in the former action? While the fraudulent character of the guaranty was an issue in the case, yet there was another issue. The record does not show that the verdict and judgment was founded upon the fraudulent character of the contract of guaranty and from the pleadings in the present case it would seem that the basis of the judgment could not be ascertained by evidence aliunde the record, unless it would be evidence of the secret deliberations of the jury, and it is against public policy to admit such testimony of jurors into evidence. Even if such testimony should be admitted, the result in all probability would be negligible, for some jurors may have reached their verdict on one ground and some on the other. The contract of guaranty transaction was not connected with the note transaction in such a manner as to make a fraudulent procuring of the notes also a fraudulent procuring of a contract of guaranty. The notes may have been fraudulent without the guaranty also being fraudulent. The judg-

ment in the first case in favor of the defendant was not dependent upon the determination of the fact that the contract was fraudulent. It might be determined that the notes were fraudulent without necessarily determining that the contract was fraudulent. It has been held, where the cause of action is different, that a party seeking to avail himself of a judgment which might have proceeded on two facts must prove that it was decided on this particular point. *Lewis v. Ocean Navigation, etc., Co.*, 125 N. Y. 348, 26 N. E. 303.

For the reasons stated, without passing upon any technical defects in the pleadings, the demurrer is overruled.