EDGAR A. WEED, WILLIAM J. COLBURN, ALBERT T. COLBURN, AND JOHN P. WEED v. GEORGE R. MIRICK, GARNISHEE OF FRANK T. MIRICK.

*Chattel mortgage—Absence of defeasance clause does not determine character of instrument—If it clearly and expressly appears that it was given as security for an alleged indebtedness, it is a mortgage—On facts stated in head-note 2—Order granting mandamus held to be res judicata as to validity and good faith of mortgage held by garnishee.*

1. Where it *clearly* and *expressly* appears from an instrument *itself* that it was given as a *security* for an alleged indebtedness, *this* fact stamps it as a mortgage, and the absence of a *defeasance* clause does not determine its character.

2. Where, in a suit against a mortgagor of personal property, the mortgagee was garnished, and in his disclosure denied any indebtedness to the principal defendant, or the possession of any property belonging to him, and alleged the defendant's indebtedness to him in a given sum, which he had secured by a chattel mortgage, under which he had taken immediate possession of the mortgaged property, and at time of the service on him of the writ of garnishment was taking an inventory of the same, but could not tell until after the sale of the property whether there would be any surplus, but if so it would belong to the principal defendant; whereupon, upon the petition of the plaintiffs, alleging that the mortgagee had advertised the goods for sale, and denying the validity of the mortgage, and asking for the

delivery of the property to a receiver to be appointed by the court, an order was made by the circuit court appointing such receiver and for the transfer of the goods to him, and staying the mortgage sale; which order was modified by the Supreme Court in *mandamus* proceedings taken by the garnishee, and the receiver directed to inventory and sell the property, and out of the proceeds to *pay* the said mortgage in *full*, or that the plaintiffs might make *such* payment and the receiver retain the property, after which the order of the circuit court was set aside and canceled by that court;—

*Held*, that the *validity* and *good faith* of the mortgage was passed upon in said *mandamus* proceedings, and that such decision is *res judicata.*

Error to Lenawee. (Howell, J.) Argued June 24, 1886. Decided July 15, 1886.

Assumpsit. Garnishee defendant brings error. Reversed and garnishee proceedings quashed. The facts are stated in the opinion, and in head-note 2.

*William A. Underwood* (*Henry M. Cheever*, of counsel), for appellant:

Formerly a chattel mortgage passed the legal title to the property *conditionally*, which became *absolute* on breach of condition: *Tannahill v. Tuttle*, 3 Mich. 104; *Wetherell v. Spencer*, Id. 123; *Eggleston v. Mundy*, 4 Id. 297.

But now it is held to be a *lien* and *security* merely: *Lucking v. Wesson*, 25 Mich. 443; *Cary v. Hewitt*, 26 Id. 232; *Baxter v. Spencer*, 33 Id. 325; *Kohl v. Lynn*, 34 Id. 360; *Grove v. Wise*, 39 Id. 162; *Brink v. Freoff*, 40 Id. 613; *Haynes v. Leppig*, Id. 606.

But if *absolute* in its terms, and without a *defeasance* clause, *parol* proof is admissible, both in law and equity, to show its true character as a mortgage: *Fuller v. Parrish*, 3 Mich. 211; *Bowker v. Johnson*, 17 Id. 46.

So, if the instrument from its very terms, or read in the light of surrounding circumstances, appears to have been given as a *security*, it must be considered as a *mortgage*, and the law will apply thereto the rules applicable to mortgages: *Cooper v. Brock*, 41 Mich. 488.

And where there is any doubt as to whether the instrument was intended as a *sale* or *security*, the courts incline to the *latter* construction: *McKinney v. Miller*, 19 Mich. 142; *Cornell v. Hall*, 22 Id. 383.

*Watts & Smith*, for plaintiffs:

The instrument is not a chattel mortgage. It has no defeasance, written, oral, or implied, and this is absolutely essential to every mortgage: Jones on Chattel Mortgages, § 17; Boone on Mortgages, § 41; *Payne v. Patterson*, 77 Penn. St. 134; *Iron Cliffs Co. v. Beecher*, 50 Mich. 486.

The terms of this instrument negative any implied defeasance, and hence it does not fall within *Cooper v. Brock*, 41 Mich. 488, but within *Payne v. Patterson* and *Iron Cliffs Co. v. Beecher*, *supra*.

The instrument being constructively fraudulent, it was not necessary that the question of *actual* fraud be submitted to the jury: How. Stat. § 6203; Bump on Fraud. Conv. 70–3; *Fellows v. Smith*, 40 Mich. 691; *Matson v. Melchor*, 42 Id. 477.

The necessary effect of the instrument was to delay and hinder the creditors of the vendor, and the parties must be conclusively presumed to intend the inevitable consequences of their acts: *Truitt Bros. & Co. v. Caldwell*, 3 Minn. 364.

MORSE, J. The plaintiffs began suit January 7, 1885, against the principal defendant, Frank T. Mirick, and obtained judgment against him, after withdrawal of his plea of general issue, April 17, 1885.

On the same day as the commencement of the principal suit a writ of garnishment was served on the defendant George R. Mirick. January 21, 1885, he filed his disclosure, denying any indebtedness to the principal defendant, or the possession of any property or money belonging to him, but alleging therein that, upon the service of said writ, the said Frank T. Mirick was indebted to him in the sum of $5,982.14, and had before then executed to him a chattel mortgage on certain property to secure him, which mortgage reads as follows:

" This Indenture, made the fifth day of January, in the year of our Lord 1885, between Frank T. Mirick, of the city of Adrian, Lenawee county, Michigan, of the first part, and George R. Mirick, of the same place, of the second part, *Witnesseth:*

" That whereas, the said first party is now justly indebted unto said second party in the just and full sum of five thousand and nine hundred and eighty-two dollars and fourteen

cents, which he is anxious to secure and pay, which is now due and payable to the said second party; the said first party, in order to secure and provide for the payment thereof, and in further consideration of one dollar to him in hand paid by the second party, the receipt whereof is hereby confessed, and acknowledged, hath granted, bargained, sold, mortgaged, and conveyed, and by these presents doth grant, bargain, sell, mortgage, and convey, unto said second party, all and singular the stock of goods and the personal property and fixtures of every kind and nature now in the possession of the said first party in the store now occupied by him at No. 15 Maumee St., in the city of Adrian, Michigan, excepting trunks, satchels, and traveling bags, which are not the property of the said first party.

"To have and to hold, to the said party of the second part, his representatives and assigns, forever: *provided always*, and these presents are upon this express condition, that the said party of the second part shall at once enter into possession of the property hereby mortgaged and conveyed, and proceed to sell and dispose of the same, or so much thereof as may be necessary to satisfy said debts and costs, at all convenient speed, at either public or private sale, as he may deem best, and out of the proceeds of such sale, *first* pay the costs and expenses incurred by him in selling and disposing of the said property, and the custody and care of the same; and, *second*, out of the balance of the proceeds over and above such costs and expenses, pay himseelf the said sum of 5,982 dollars and 14 cents, together with interest thereon from this date; and, *third*, if any surplus shall remain after the payment of such costs and expenses and indebtedness and interest, the same shall be paid by the second party to this first party, his representatives and assigns.

"And for the better enabling the second party to sell and dispose of the said stock of goods and personal property, the said first party hereby sublets to the second party the premises now occupied by the said first party in said store during such time as the second party may desire the same.

"In witness whereof, the first party hath hereunto set his hand and seal, this fifth day of January, 1885.

"FRANK T. MIRICK."    [L. S.]

He also averred in his said disclosure that on the delivery to him of said mortgage, January 5, 1885, he took immediate possession of the property under and by virtue of the mortgage, and at the time of the service of the writ upon

him was engaged in taking an inventory of the same, and that until a sale of said property he could not tell whether there would be any surplus over and above the debt secured by said mortgage, but if there were any such surplus it would belong to the said Frank T. Mirick.

February 5, 1885, plaintiffs filed a petition alleging that the garnishee had advertised the stock of goods for sale, under his mortgage, denying the validity of the mortgage, asking for an examination of the garnishee under oath, and that he deliver the goods to a circuit court commissioner, as a receiver, to be disposed of under the direction of the circuit court.

This motion was resisted, but February 7, 1885, the court made an order directing the transfer of the property to George L. Bennett, circuit court commissioner, to hold the same until the validity of the mortgage could be determined, and staying the sale commenced under the mortgage by the garnishee. A motion was subsequently made to vacate this order, and denied. The defendant then brought the matter into this Court by *mandamus*, and, after return and hearing upon an order to show cause, a peremptory *mandamus* was granted April 22, 1885, modifying said order, and directing that the property be inventoried and sold by the commissioner, and that out of the proceeds of such sale he pay the said mortgage in full to said George R. Mirick, with interest and costs, or that the plaintiffs might pay said mortgage, and thereupon the commissioner retain such property.

April 23, 1885, on motion of plaintiffs' attorneys, the order of the circuit court was set aside and canceled by that court.

January 30, 1886, upon a trial of the garnishee issue before a jury, the circuit judge directed a verdict for the plaintiffs.

The counsel for the plaintiffs in their brief admit that, if the instrument executed by Frank T. Mirick to the garnishee defendant is a chattel mortgage, there was error in the proceedings of the court below, as the circuit judge instructed the jury to find for plaintiffs upon the theory that

it was not a chattel mortgage, but some kind of an instrument fraudulent in law upon its face.

We are clearly of the opinion that the instrument is a chattel mortgage. The fact of its not containing a defeasance does not determine its character. It clearly and expressly appears from the instrument itself that it was given as a security for an alleged indebtedness, and this fact stamps it as a mortgage: *Cooper v. Brock*, 41 Mich. 488.

The question of the *bona fides* of the debt which it purported to secure should have been submitted to the jury. as requested by defendant's counsel.

The counsel for the defendant insisted all through the trial in the court below, and argue here, that the validity and good faith of this mortgage was decided in this Court, orally, upon the *mandamus* proceedings, and that such is the evident purport of the peremptory writ as issued ; that such decision is *res judicata*, and that the garnishee proceedings should have been quashed.

My brethren, who were all members of the Court at the time of the *mandamus* proceedings, it being before my service upon the bench, are of the opinion that this is the correct view of the effect and meaning of the order in *mandamus* entered in this Court.

Therefore the judgment of the circuit court will not only be reversed, but a judgment will be entered here quashing the garnishee proceedings, with costs of both courts to the garnishee defendant.

The other Justices concurred.