## SOLLY v. CLAYTON.

1. PLEADING — RES ADJUDICATA. — A plea of *res adjudicata* which leaves it uncertain upon what point the former judgment was based, and it appearing therefrom that it might have been based on matters which would constitute no defense to the second action, is insufficient.

2. NEGLIGENCE — QUESTIONS FOR JURY — DIRECTING A VERDICT. — In an action to recover of the defendant therein the amount of a debt alleged to have been lost through his negligence in releasing a trust deed given by the original debtor to secure the same, where the defenses interposed are: (1) Matters of estoppel *in pais;* (2) An insufficient plea of *res adjudicata,* and testimony is heard on the issues joined, the question of defendant's negligence should be submitted to the jury, and it is error to direct a verdict for the defendant.

3. QUESTIONS OF FACT — CONFLICTING EVIDENCE. — Where the question of negligence depends on a state of facts from which different minds may honestly draw different conclusions, the question must be submitted to the jury for determination.

### Error to District Court of El Paso County.

THE plaintiff in error, Elizabeth M. Solly, was plaintiff below, and brought this action against defendant in error, George W. Clayton, to recover the sum of $3,500 and interest thereon, and alleged in her complaint that she loaned one Phineas W. Barnes $3,500, and that, to secure the payment of said money, said Barnes executed a trust deed to the defendant as trustee; and that defendant negligently, and without any authority from the plaintiff, executed and delivered a release of said trust deed, with the intent that the same should be recorded; that by reason thereof the plaintiff's security was discharged, and she wholly lost said debt.

The defendant's answer sets up three defenses. The first defense admits the making and delivery of the trust deed by Barnes, and the release thereof by defendant, but denies the allegations of negligence and improper action on his part.

The second defense alleges that said loan was nego- tiated and made by and through one George Bucklin; that said Bucklin was then engaged in the city of Denver in a general business of negotiating loans, collecting and receiving payments of loans, both principal and interest, as an agent and broker for others; that as such agent and broker, and as the agent of the plaintiff, Bucklin loaned said money to Barnes and received from Barnes the note and deed of trust given to secure its payment; that from time to time Bucklin collected and received from Barnes the interest upon said note as the same be- came due and payable; that in March or April, 1875, Bucklin turned over his said business to and was suc- ceeded therein by Talmadge Norwood; that plaintiff, knowing of the transfer of said business by Bucklin to Norwood, placed said note in the hands of said Norwood as her agent for the purpose of having him collect the interest thereon from time to time, as the same became due and payable, and for the purpose of collecting and receiving payment of the principal when the principal of said note became due and payable, and of renewing said loan; that the plaintiff at all times after she placed said note in the hands of said Norwood held out to the world, and particularly to the defendant, that said Norwood was her agent, and was transacting her business in said city of Denver, and had full power and authority in respect to said note and said loan; that on the 11th day of Janu- ary, 1877, upon the application of said Norwood as the agent of the plaintiff, he executed the release of said trust deed believing that said Norwood was the duly- authorized agent of the plaintiff for that purpose, and without any intent to injure the plaintiff or deprive her of her security.

The third defense set up a former adjudication in the circuit court of the United States for the district of Colo- rado, in an action by the plaintiff against said Barnes, the defendant, and others, which action was brought to

obtain a decree canceling and annulling said deed of release; the defendant in said third defense alleging that it was a material question in issue in said suit, as between the plaintiff and said defendant Clayton, whether or not the said Norwood was the duly-authorized agent of the plaintiff to receive and accept payment of the principal sum of said promissory note from said Barnes, and whether or not said Norwood was authorized and empowered by the plaintiff to ask and request defendant to make, execute and deliver to him said release deed; and that it was, in fact, duly adjudged, determined and decreed by said circuit court that said Norwood was the duly-authorized and accredited agent of the plaintiff to collect and receive payment of said promissory note from said Barnes, and that he was authorized and empowered by said plaintiff to ask and request the defendant to make, execute and deliver to him said release deed, and that said judgment and decree still remained in full force and effect. Issue was joined by the replication of the plaintiff.

Upon the trial, after the evidence was all in, the court instructed the jury to bring in a verdict for the defendant. In refusing a motion for a new trial, the court stated the grounds for such ruling as follows: " *First*, without the third defense of *res adjudicata*, and the record of the circuit court introduced in support thereof, the plaintiff was not entitled to recover, as a matter of law, upon the admitted and uncontradicted evidence in the case; *second*, the aforesaid record of the circuit court supported the said defense of *res adjudicata*, and there was no competent evidence, either admitted or affirmed, to overthrow the same."

Mr. LYMAN K. BASS, for plaintiff in error.

Mr. W. B. MILLS, for defendant in error.

RISING, C. The ruling of the court in instructing the jury to bring in a verdict for the defendant was based

upon two grounds: *First*, that the admitted and uncontradicted evidence in the case presented a question of law for the court, and left nothing for the jury to determine; *second*, that the defense of *res adjudicata*, as pleaded and proved, constituted a complete and perfect defense to the action.

In support of the ruling of the court upon the first ground, counsel for defendant in error contends that "where the facts are undisputed, it is the province of the court to settle the question of negligence as a question of law." It is contended by counsel for plaintiff in error that "when the question arises upon a state of facts on which reasonable men may fairly arrive at different conclusions, the fact of negligence cannot be determined until one or the other of those conclusions has been drawn by the jury."

There seems to be an irreconcilable conflict in the decisions of the courts upon the question so presented, yet the question is not an open one in this state. In *Railroad Co. v. Martin*, 7 Colo. 592, 599, Chief Justice BECK, speaking for the court, says: "It has been well said that to warrant the court in instructing the jury that a party is guilty of negligence the case must be such as to allow no other inference from the evidence; and, if the question depends upon a state of facts from which different minds may honestly draw different conclusions, the question must be submitted to the jury." We do not think the evidence in this case presents a state of facts from which no inference of negligence can be drawn. That reasonable minds might honestly draw different conclusions from these facts seems clear to us; and under the ruling in *Railroad Co. v. Martin*, the question of negligence in this case should have been submitted to the jury, unless the defense of *res adjudicata* had been fully established.

It is contended by counsel for plaintiff in error that it is shown by the record that the judgment in the circuit

court might have been rendered upon either one of two distinct grounds: (1) That Norwood was the duly-authorized agent of the plaintiff to receive from Barnes the payment of the note at the time such payment was made; (2) that plaintiff was.estopped by her conduct from denying such agency as to Barnes. Counsel further contends that it does not appear from the record, and that it was not shown by extrinsic evidence, upon which of those grounds the judgment was based, and that, therefore, the judgment in that case cannot operate as a bar or estoppel to a recovery by the plaintiff in this case. Counsel for defendant in error contends that in the circuit court "the main and vital issue was whether or not Norwood was the plaintiff's agent."

The first question to be determined is whether or not the record shows that two grounds of defense were presented in the case in the circuit court, as contended by plaintiff in error. The bill of complaint in that action alleged that complainant loaned Barnes the sum of $3,500; that Barnes gave her his note therefor, and made a trust deed to Clayton as trustee to secure payment thereof; that she placed said note in the hands of Norwood to collect the interest thereon, as the same became due and payable, and for no other purpose; that the time of payment of said note was extended from the 29th day of December, 1875, to the 29th day of December, 1876, and from the 29th day of December, 1876, to the 29th day of December, 1877; that said Barnes, well knowing that said Norwood had no authority to receive payment of said note, or to surrender the same to him, paid said note to Norwood; that Norwood procured from Clayton, by false representations, a release of said trust deed; that Norwood converted said money so collected to his own use; and prayed that the deed of release from Clayton to Barnes be canceled, annulled and for naught held, and that complainant be reinvested with and reinstated in all her former rights under said trust deed in all re-

spects; that Clayton be decreed to sell the premises described in said trust deed and apply the proceeds of such sale to the uses and purposes prescribed in said deed; that Barnes be decreed to pay to complainant any balance which should remain due on said note after the application of the proceeds of said sale to the payment thereof.

The defendant Barnes, answering said bill, denied that complainant placed said note in the hands of said Norwood for the sole purpose of collecting the interest thereon, and alleged that, at the time he paid said note to Norwood, Norwood was the duly-authorized agent of the complainant, and was invested with full power and authority to accept and receive said payment and to surrender and cancel said note.

The defendant Barnes, further answering, alleged that he was not personally acquainted with the complainant; that said loan was not made by complainant in person, but by and through one Bucklin, "who was at that time engaged in the city of Denver in the general business of negotiating loans, collecting interest and receiving payment of loans and the like, as the agent, factor or broker for others, and collecting and receiving the principal and interest upon loans, from time to time, as such agent, factor or broker, in such general business as aforesaid;" that said Bucklin presented said note to said Barnes for the payment of interest thereon from month to month as the same became due, until about the month of March or April, 1875, which interest said Barnes paid to said Bucklin; that in March or April, 1875, said Bucklin transferred and turned over his said business to one Norwood, who continued the said general business in said city of Denver to the knowledge of the complainant; that complainant placed said note in the hands of said Norwood for the purpose of having him collect the interest thereon from time to time as such interest became due and payable, and also for the purpose of receiving payment of the

principal; that said Norwood presented said note to said Barnes for the payment of the interest thereon from time to time as such interest became due and payable, and also presented said note for the payment of the principal, all of which complainant well knew; that said Norwood negotiated an extension of the time of payment of said note when the same became due and payable by the terms thereof, and negotiated a further extension of the time of payment of said note when it became due and payable by the terms of the first extension, all of which the complainant well knew; that believing said Norwood, as agent of the complainant, had full power and authority to take the money due and payable upon said note, and believing the said deed of release was executed in pursuance of the authority and direction of the complainant, said Barnes paid to Norwood the full amount of said note.

The defendant Clayton, in said action, answering said bill of complaint, alleged that he was informed and believed that said Bucklin was the fully-authorized agent of the complainant, not only to collect the interest on said note, but also to collect the principal thereof, and that said Bucklin, with the assent of complainant, transferred said note to Norwood, and, with the consent of complainant, transferred all the authority he had in relation thereto to Norwood; that he had no knowledge that Norwood was not the agent of complainant to receive full payment of said note, if in fact Norwood was not such agent, until after the execution and delivery of the release deed; that he was applied to by Norwood, as the agent of the complainant, to execute the release deed, and that when Norwood made such application he first became aware, by the statement of Norwood, that he had been made the trustee in said deed of trust; that, at that time, Norwood exhibited to him the note and the trust deed; that Norwood represented to him that the note was paid in full; that from the possession of said note

and said trust deed by Norwood, and from his general knowledge of the business conducted by Norwood, he had full confidence in the authority of Norwood to receive payment of said note and to direct the execution of the release deed.

We think the issues tendered by the answer of Barnes and by the answer of Clayton are substantially the same, but, as the statement is more fully made in the Barnes answer than in the Clayton answer, we will examine it for the purpose of determining what defense or defenses were therein set up. The allegation of the bill that the note was placed in the hands of Norwood for the purpose of enabling him to collect the interest thereon is expressly denied.

The allegation in the answer that Norwood was the duly-authorized agent of the complainant, and was invested with full power and authority to accept and receive payment of, and to surrender and cancel, said note, at the time the same was paid by Barnes, states a full and complete defense to the action.

The answer of Barnes also contains statements and allegations setting out the circumstances under which the loan was made; alleging the general business conducted by Bucklin, through whom the loan was made; the possession of the note by Bucklin, and the collection of the interest by him; the transfer by Bucklin of his business to Norwood; the continuation of such business by Norwood; the complainant's knowledge of the kind of business Bucklin and Norwood carried on; the possession of the note by Norwood, and the collection of the interest by him; the negotiation by Norwood of the extension of the time of payment of the note, with the knowledge of complainant; the payment of the note by Barnes in good faith, he believing at the time that Norwood had full power and authority to receive the money, and believing that the deed of release was executed by the direction of the complainant. It is further alleged by Clayton in his

answer that from the possession of the note and trust deed by Norwood, and from the knowledge he had of the business conducted and carried on by Norwood, he had full confidence in the authority of Norwood to receive payment of said note, and to direct the execution of the release deed.

These several statements and averments in no manner tend to strengthen the allegation setting up the defense that Norwood was the duly-authorized agent of the complainant. What Barnes believed in relation to Norwood's authority in the premises was not a material fact in the case, unless he was led to such belief by the conduct of the complainant; and the fact that Clayton executed the release deed because he had confidence that Norwood had authority to demand it is not material unless the conduct of the complainant induced such confidence.

It seems clear to us that it was the intention of the pleader, by incorporating in the answers these statements and allegations, to set up the defense of estoppel *in pais*, and, this being so, two grounds of defense were presented in the action in the circuit court. The record in that case does not disclose upon which of these defenses the dismissal of that action was based, and such fact is not shown by extrinsic evidence. Must the defense of *res adjudicata*, set up in this case, be held insufficient by reason of the failure to show upon which defense the judgment was based?

Upon the question of the conclusiveness of a former adjudication, when pleaded as an estoppel, it is said in *Russell v. Place*, 94 U. S. 606, 608: "It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there

be any uncertainty on this head in the record,— as, for example, if it appear that several distinct matters may have been litigated; upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered,— the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined."

If the evidence in the suit in the circuit court was sufficient to establish the defense of estoppel in favor of Barnes, the complainant could not have recovered in that case. If Barnes was authorized, by the conduct of the complainant, in assuming that Norwood was authorized to receive payment of the note, the court would not grant the relief prayed for. In the case brought in the circuit court, the whole object of the action would be defeated by a showing that Barnes had made a valid payment of the note, and, after a finding of such fact by the court, it would be a useless thing for it to do to decree the cancellation of the trust deed given to secure the payment of such note. The object of the action being to preserve a security for a debt, and to enforce the payment of such debt, the action must fail upon a showing made that no debt exists.

From this reasoning it will be seen that the court did not necessarily have to determine that the execution of the release deed was duly authorized, in order to enable it to render the judgment it did. Evidence which would be quite sufficient to protect Barnes in paying the note might be wholly insufficient to authorize Clayton to release the trust deed. This is clearly shown by the evidence in this case. Barnes testifies that he would not have paid the note to Norwood if Norwood had not presented the deed of release to him. That Norwood had the note in his possession; that he had collected the interest thereon from time to time as the same became due and payable; that he had acted for the complainant in

extending the time of payment of the note, and the nature of the business conducted by him,— were circumstances that might have influenced Barnes in believing, as he alleged in his answer, that "the said deed of release was executed in pursuance of the authority and direction of the complainant."

The circumstances we have recited would have no weight as evidence to establish an estoppel unless they did induce such belief, so that the fact that Barnes did so believe was a most material fact to be shown, tending to establish the defense of estoppel; and the possession by Norwood of such release deed was a circumstance that would strongly tend to create such belief, and it appears to have been the governing circumstance with Barnes, for he says he would not have paid the note if Norwood had not presented the release deed to him.

We think it clearly appears from the character of the defenses presented in the suit in the circuit court that the judgment therein might have been based upon matters which could have no weight in this case, and that, therefore, the defense of res adjudicata must be held insufficient. We think the conclusion we have reached is warranted by the facts in the case, and by the law as held in the following cases: Russell v. Place, 94 U. S. 606, and cases cited; Campbell v. Rankin, 99 U. S. 261; Bank v. School Dist. 25 Fed. Rep. 629, 633; Clark v. Blair, 3 Colo. Law Rep. 274.

The judgment should be reversed.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed and the cause remanded.                                    Reversed.

### ON REHEARING.

RISING, C. The argument of counsel for defendant in error in support of the petition for rehearing in this case assumes that we have "inadvertently fallen into a mis-

take as to what was the matter in issue or question directly involved in the suit" in the circuit court, in that we hold that the answers in said suit set up two separate defenses.

It is conceded in the argument that the answers were so framed that the determination of that case might be based upon proof that Norwood was duly authorized by the complainant to collect the note, or upon proof that complainant was, by her conduct, estopped from denying, as against Barnes, that Norwood was not so authorized; but it is denied that two separate defenses are set up in the answer, and it is claimed that the matter which we have treated as separate defenses is but separate statements of facts upon which defendant would rely in evidence to disprove the cause of action, and that the denial in the answer raised the only issue, and that issue was whether Norwood's "agency extended to receiving payment of the principal sum due upon the note."

It is true that the issue raised by the denial related directly to the question of Norwood's agency, but it is equally true that the answer set up new matter constituting a defense, which new matter could not be given in evidence under the denial. The argument of counsel is based upon the claim that the question of agency was the only question directly in issue in the circuit court, and, if this claim is not well made, the argument falls for want of a foundation. The denial put the complainant to proof as to the extent of Norwood's authority as her agent. The new matter admitted the material allegations of the bill, and set up facts which would defeat a recovery. Pom. Rem. & Rem. Rights, § 673. It is certainly illogical to say that facts which would establish a defense, based upon an admission that Norwood was not authorized to receive the payment of the note, would also establish the fact that he was so authorized.

The defense set up by the new matter is not founded upon the agency of Norwood, but upon the principles of

estoppel by conduct. The rights of third parties in such cases "do not depend upon the actual title or authority of the party with whom they have directly dealt, but they are derived from the act of the real owner (or principal), which precludes him from disputing, as against them, the existence of the title or power which he caused or allowed to appear to be vested in the party" with whom the dealing was had. Bigelow, Estop. 434; Ewell's Evans, Ag. 193, *137. "A principal is responsible, either when he has given to an agent sufficient authority, or when he justifies a party dealing with his agent in believing that he has given to the agent his authority." *Kasson v. Noltner*, 43 Wis. 646, 650; *Johnson v. Jones*, 4 Barb. 369, 373.

The matter of estoppel, as to Barnes, was as directly in issue as was the question of authority; and the facts necessary to establish the defense of estoppel must necessarily be entirely different from the facts necessary to establish the defense under the denial. The rule as to the conclusiveness of a judgment in a former trial "is applicable either to an entire cause, or to particular facts in issue in a former adjudication." Wells, Res Adj. § 4.

The opinion as rendered is based upon the proposition that the judgment in the circuit court could only be made conclusive in this case upon questions of fact upon which the judgment was necessarily based, and that it appeared from the record that it could have been based upon either of two different sets of facts, and that the record did not disclose upon what facts the judgment was based. "It is also a universal rule that a judgment concludes the parties only as to the grounds covered by it, and the facts necessary to uphold it." *Spencer v. Dearth*, 43 Vt. 98, 104.

The main question in the circuit court was whether Barnes had wrongfully paid the note to Norwood, and under the pleadings the determination of this question depended upon two issues of fact raised therein, the de-

termination of either of which in favor of Barnes would authorize the judgment rendered. While, as argued by counsel, the determination of the issue of fact that Norwood was duly authorized to collect the note from Barnes might be conclusive of that fact in a suit against Clayton for wrongfully releasing the deed of trust, it seems clear that a judgment, based upon a determination of the issue of fact that complainant was estopped by her conduct from denying, as against Barnes, that Norwood had such authority, could not be of any weight in a suit against Clayton, for the reason that the facts which might be deemed sufficient to create an estoppel as to Barnes might not exist as to Clayton.

The main question in this case is whether Clayton negligently, and in violation of his duty to the plaintiff, released the deed of trust. The main question presented in the circuit court might have been determined, under the pleadings, without passing upon any question of fact necessary to the determination of the question presented in this case. "As we understand the rule in respect to the conclusiveness of the verdict and judgment in a former trial between the same parties, when the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive *per se*, it must appear, by the record of the prior suit, that the particular controversy sought to be concluded was necessarily tried and determined; that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties." *Packet Co. v. Sickles*, 5 Wall. 580, 592.

It is asked, in the argument we are considering, how the fact that Barnes would not have paid the note to Norwood, if Norwood had not presented the deed of release to him, could have in any manner entered into or affected the defense on the ground of estoppel. In the

opinion rendered we say: "What Barnes believed in relation to Norwood's authority in the premises was not a material fact in the case, unless he was led to such belief by the conduct of the complainant; and the fact that Clayton executed the release deed because he had confidence that Norwood had authority to demand it is not material, unless the conduct of the complainant induced such confidence."

It is conceded in the argument that the true ground of estoppel is here stated; that is, as stated by counsel, that "no act or conduct of Clayton could operate to create it in favor of Barnes against complainant, and none of Barnes in Clayton's favor against her." It is then urged by counsel that the act of Clayton in executing the release is not a fact or circumstance which can be taken into consideration in determining the question of estoppel between the complainant and Barnes; that Barnes had no right to rely upon such fact or circumstance, because the question of estoppel depends solely upon the complainant's previous acts and conduct towards him, and the relations previously existing between complainant and Barnes with respect to Norwood's agency and authority. The estoppel pleaded in the circuit court, if created at all, was created by reason of Barnes' belief that Norwood was authorized to collect the note, which belief must have been induced by the conduct of the complainant.

The acts of the complainant in placing the note in Norwood's possession, in authorizing him to collect the interest thereon, and to act for her in negotiations for extensions of the time of payment thereof, might have induced Barnes to believe that Norwood was rightfully in possession of the release, and the possession of the release might have been the fact which induced Barnes to believe that Norwood was authorized to receive payment of the note. It was not the act of Clayton in executing the release that induced Barnes to believe that Norwood

had authority to receive payment of the note, but it was the conduct of complainant that tended to induce him to believe that Norwood had authority to demand such release; and its possession by Norwood would greatly strengthen the evidence of such fact, and might, with the other facts, be sufficient to establish the belief in Norwood's authority to receive payment of the note. It was not the execution of the release, but the fact that Norwood had the release, that aided in inducing the belief upon which the estoppel is founded.

If the release had been executed by Clayton upon request of complainant, with directions not to deliver to either Norwood or Barnes, and Norwood had wrongfully obtained possession of it without fault or negligence of Clayton, and had used it as he did use the one he did obtain from Clayton, the facts of the supposed case would be equally as strong to create an estoppel as the facts in the actual case, but no act of Clayton would enter into such an estoppel.

If Barnes knew that the release had been wrongfully obtained, no estoppel could be established. That he did not know that it was wrongfully obtained, and that the acts of complainant induced him to believe that it was rightfully obtained, are the facts upon which the estoppel must be based; and in this view it seems to us that "the production of the release deed by Norwood was an important circumstance bearing upon Barnes' mind to justify payment."

The rehearing should be denied.

STALLCUP, C., concurs.

PER CURIAM. For the reasons stated in the foregoing opinion the rehearing is denied.

ELLIOTT, J., not sitting, having tried the case below.

*Rehearing Denied.*