ROHDE *v.* MARQUIS.

AGENCY—MONEY HAD AND RECEIVED.
  Testimony that defendant acknowledged drawing a contract
  and deed for the sale of lands, that the sale had been made by
  a real-estate agent who had always done her business, that
  she had great confidence in him, and offered to compromise
  to avoid litigation, has no tendency to show that the real-
  estate agent acted as her agent in receiving payments on the
  contract after she had sold the contract to him.

Error to Wayne; Donovan, J. Submitted October 21,.
1903. (Docket No. 53.) Decided November 9, 1903.

*Assumpsit* by Charles Rohde against Euphemia H.
Marquis for money had and received. From a judgment
for defendant, plaintiff brings error. Affirmed.

*William E. Henze,* for appellant.

*Stanton Clarke,* for appellee.

HOOKER, C. J. Plaintiff has appealed this cause..
Everding was a real-estate agent. The defendant earned
some money by school-teaching, and Everding heard that
she had it, and asked her to buy the lot over which this
controversy arose. He said that he knew of a party who
had it for sale. She purchased the lot, and did not pay
him a commission. Afterwards he came to her and asked
if she wanted to sell the lot, and she replied that she did
if she could make anything and could make his commis-
sion; and he arranged a deal with some persons named
Harwood, for which the defendant paid Everding a com-
mission. She did not meet the Harwoods, the matter
being arranged through Everding, who brought to her
the cash payment, $50. She then signed the contract in
duplicate, retaining one copy and delivering the other to

Everding, who took it away, and it is inferable from·what followed that he delivered it to the Harwoods. This contract was dated January 16, 1894. Subsequently the defendant received from Everding one payment of interest, which he received from the Harwoods. Defendant had not left the contract in his hands, nor had she authorized him to collect upon it, and she testified that she supposed that he brought the interest to her by Harwood's direction.

On May 28, 1895, defendant executed a deed to Charles Rohde, the plaintiff, covering these premises. He testified that he had some money in the hands of an agent, one Saenger. Everding went to Rohde about this, and arranged for the purchase of the contract made by the defendant and the Harwoods, and he paid Everding $384 for the interest in the contract and a deed of the premises. He did not see the defendant, but Everding delivered to him the deed mentioned and the contract.

The defendant's testimony shows that after selling the land to the Harwoods upon contract, and receiving one payment of interest as stated, Everding, who knew of another sale made by her, and that she had some money from that source, asked her if she did not want to buy a couple of lots in his subdivision. It resulted in a deal whereby she took the two lots, giving in exchange to Everding a lot on Fischer avenue, the Harwood contract, and $500 in cash. She passed the contract over to Everding, and appears to have made a deed to Rohde, whom she did not know in the transaction, and delivered it to Everding. She gave no more attention to the matter until one day Everding called on her, and had a deed to the Harwoods, which he asked her to sign, saying that they had paid up. This was a deed to the Harwoods, dated May 6, 1899. It was true that they had made full payment on their contract to Everding, and, while he had made two payments of interest to Rohde, it would seem that he had appropriated, or at least not paid over, the balance. Everding is now dead.

The only testimony that in any way supports the claim of the plaintiff that defendant has received money to his use is that of two persons, one an insurance agent and one a lawyer, who called upon defendant in plaintiff's interest. They testified that she acknowledged drawing the contract and the deed to the Harwoods; that the sale had been made for her by Everding, and that he had acted for her in the transaction; that he had always done her business, and she had great confidence in him, and offered to compromise to avoid litigation. There is nothing in this testimony that tends to show that Everding acted as her agent in receiving payment from the Harwoods after she had sold the contract to him, if he ever had authority to make collections for her. It is proper to say, therefore, that the uncontradicted proof shows that the plaintiff should not have been permitted to recover upon the money counts, of which the declaration consisted, and the bill of particulars filed with it, and, as there is no ground upon which a recovery could be had under the pleadings, it is unnecessary to discuss other questions at length. The charge was more favorable to the plaintiff than he had a right to expect it to be.

The judgment is affirmed.

The other Justices concurred.