## HOFFMAN v. SILVERTHORN.

1. JUDGMENTS—MANDAMUS—RES JUDICATA—DISMISSAL.
   The denial of a mandamus is res judicata if the court passes upon the merits, but not if the writ was denied because no case was made which appealed to the discretionary power of the court, or because the relator had a manifest legal remedy, or because mandamus was not a proper remedy.

2. APPEAL AND ERROR—GROUNDS OF DECISION—OPINION.
   On error, the Supreme Court will consider only the evidence presented to the lower court, and will not resort to the recollection of the justices to determine the grounds on which a mandamus was denied, no written opinion being filed.

3. JUDGMENT—RES JUDICATA—BURDEN OF PROOF.
   Where several issues are presented, and a general judgment is rendered, the party asserting that a particular issue was determined by the judgment has the burden of proving it.

4. TAXATION—STATE TAX LANDS—RECITALS IN DEED—CONCLUSIVENESS.
   A recital in a deed issued by the auditor general that a former

deed was erroneously released is, at most, but evidence of the fact, and is not conclusive.

5. SAME—MANDAMUS—DISMISSAL—RES JUDICATA.

Where there is no evidence before the court to show that, in denying a mandamus, the court passed upon the merits, such proceedings are not res judicata.

6. APPEAL AND ERROR—FINDINGS OF FACT—CONCLUSIVENESS.

The findings of fact in a trial before the court without a jury are conclusive on error to the Supreme Court.

7. SAME—FINDINGS OF FACT—CONCLUSIVENESS.

The Supreme Court cannot, from statements in counsel's brief, draw any inference of fact opposed to the findings of the trial judge.

8. TAXATION—STATE TAX LANDS—APPLICATION TO PURCHASE—DEPOSIT.

An application to purchase land bid in by the State for taxes, which is not accompanied by a sufficient deposit, does not give the purchaser any right to a deed.

9. SAME—INSUFFICIENT DEPOSIT—INTEREST.

An application to the auditor general for the purchase of State tax land must be accompanied by a sufficient deposit, and if it is not sufficient, and the applicant makes up the amount at a later date, he must also deposit sufficient to pay the interest to such later date.

10. SAME—ERROR IN COMPUTATION—VOID DEED.

A deed of State tax land for a less sum than was due the State, because of an error in computation by the auditor general's office, is void as against the owner of the original title. *Clippinger* v. *Auditor General*, 135 Mich. 1, distinguished.

11. SAME—STATE TAX LAND—RELEASE TO STATE—RESALE.

Where the purchaser of State tax land releases his interest to the State, it is the duty of the auditor general to convey the land to the original owner, who has made a complete application which is still pending, rather than to redeed it to the purchaser on his original application.

12. PARTIES—ERRONEOUS JOINDER—ESTOPPEL TO OBJECT.

Plaintiff, who himself brings in a party defendant, has no right to insist that such defendant should not have been made a party.

Error to Marquette; Stone, J. Submitted April 21, 1904. (Docket No. 133.) Decided June 25, 1904.

Ejectment by Frank Hoffman against George Silverthorn and Perry F. Powers, auditor general. There was judgment for plaintiff, and defendants bring error. Affirmed.

*Charles A. Blair*, Attorney General (*Charles W. McGill*, of counsel), for appellants.

*Ball & Ball*, for appellee.

CARPENTER, J. This is an action of ejectment. It was tried by the court below without a jury, who made a finding of facts, and rendered judgment for the plaintiff. We state such of said facts as are necessary to an understanding and disposition of the legal questions raised on this appeal:

"Said Frank Hoffman is the owner in fee simple of" the lands in controversy, "having acquired the original or government title thereto. Said lands were duly assessed for taxes in the years 1892, 1893, and 1894, and, the same having remained delinquent, were included in the auditor general's petition for said several years, and were duly bid off to the State. * * *

"On August 27, 1897, said lands being held as State tax lands by the State of Michigan, the defendant George Silverthorn applied to purchase said lands, together with a number of other descriptions of lands held by the State as State tax lands and on State bids, but on said date did not deposit enough money to purchase the entire list of lands so applied for."

On October 25th said Silverthorn deposited a sufficient sum to more than complete the purchase and payment of the taxes on the lands described in said list. The auditor general computed interest on said purchase, not to October 25, 1897, when the deposit was made sufficient, but to August 27, 1897, when the application was made, and returned the surplus, which was much more than sufficient to make good the error of computation, to said Silverthorn, and on the 8th day of November, 1897, issued a State tax

land deed conveying the land in controversy to said Silverthorn.

On the 23d of July, 1902, plaintiff applied to the auditor general to cancel said sale to Silverthorn on the ground of the above-described error in computation, and at the same time himself applied to pay and purchase the same, and deposited a sum of money more than sufficient to pay all taxes legally chargeable against said lands, with interest thereon. August 15, 1902, while the foregoing application of plaintiff was pending and undetermined, "said Silverthorn released to said auditor general all his right, title, or claim under and by virtue of the purchase of said lands for the taxes of 1892, 1893, 1894, 1895, and 1896," which release was duly recorded August 16, 1902, in the office of the proper register of deeds.

The trial court finds as a fact that "on the recording * * * and delivery of said release * * * the State of Michigan reacquired all the title which it had originally acquired by the sales for such delinquent taxes."

September 10, 1902, the auditor general refused to cancel the said sale to Silverthorn, and rejected the application of plaintiff to purchase said lands, and on November 22, 1902, issued new State tax land deeds to Silverthorn. These deeds purported to be issued under the application of Silverthorn made on August 27, 1897. They were issued for the consideration which would have been due that date, and they contained the recital: "This deed is executed to take the place of a deed issued from this office on the eighth day of November, 1897, and erroneously released on the fifteenth day of August, 1902."

March 23, 1903, plaintiff renewed his application for the cancellation of said original sale to Silverthorn on the same ground on which the former application was based, and at the same time made a sufficient deposit, and asked to himself purchase said lands and pay all the taxes thereon. This application was also denied. Thereupon plaintiff, as relator, instituted mandamus proceedings in this court against said auditor general, as respondent. An or-

der to show cause was issued, and the application was denied May 18, 1903, without any written opinion being filed. Plaintiff did not in his petition for a mandamus make any reference to the release of Silverthorn to the auditor general, and the new deeds of November 22, 1902, because he had no knowledge of the same until the hearing of this case. And as these facts were, for some reason unknown to the court, not stated in respondent's answer, they were not considered in denying the mandamus.

Defendants ask the court to reverse the judgment rendered on these findings for two reasons: *First*, the mandamus proceedings in this court are res judicata; *second*, the deed to Silverthorn is not defective. We will consider each of these questions separately.

1. Are the mandamus proceedings res judicata? If the decision in the mandamus proceedings was made upon the merits, we think that decision would be decisive between the parties to that proceeding and their privies. *Weed* v. *Mirick*, 62 Mich. 414 (29 N. W. 78). It does not follow, because the mandamus was denied, that the court passed upon the merits of plaintiff's application. That mandamus may have been denied because no case was made that appealed to the discretionary power of the court, because relator had a manifest legal remedy of which he could not be deprived, or because mandamus was not the proper remedy. If the mandamus was denied for either of these reasons, no authority need be cited to the proposition that that decision was not res judicata. Though the members of this court might ascertain by consulting their own recollections the precise ground upon which that decision proceeded, it is obvious to the slightest reflection that such a course cannot be adopted. We are bound to proceed, in determining this case, on legal grounds. We can avail ourselves of no evidence which was not presented to the lower court. We cannot, therefore, consider as evidence of our determination the statement relating thereto and hereafter quoted—even if such a statement affords evidence—contained in our opinion in *Clippinger* v. *Audi-*

*tor General*, 135 Mich. 1 (97 N. W. 53), for that opinion
was filed November 9, 1903, while this case was decided
in the lower court September 29, 1903.  The question for
our determination is this:  Did the trial judge correctly
determine this issue, on the evidence before him, and on
the facts which he might judicially know?

There are authorities which hold that when there are
several issues presented, and a general judgment rendered,
it will be presumed that all issues were decided in favor
of the prevailing party.  See *Rhoads* v. *City of Metropolis*, 144 Ill. 580 (33 N. E. 1092, 36 Am. St. Rep. 468);
*Day* v. *Vallette*, 25 Ind. 42 (87 Am. Dec. 353); *People*
v. *Stephens*, 51 How. Prac. 235; *White* v. *Simonds*, 33
Vt. 178 (78 Am. Dec. 620); *Hall* v. *Zeller*, 17 Or. 381
(21 Pac. 192).  But the better authority, in our judgment,
is opposed to this doctrine, and casts upon the party
asserting that such a judgment determined a particular
issue the burden of proving it.  See *Russell* v. *Place*, 94
U. S. 606; *Littlefield* v. *Huntress*, 106 Mass. 121; *Solly*
v. *Clayton*, 12 Colo. 30 (20 Pac. 351); *Linton* v. *Crosby*,
61 Iowa, 293 (16 N. W. 113); *Garrott* v. *Johnson*, 11
Gill & J. (Md.) 173 (35 Am. Dec. 272); *Bergeron* v.
*Richardott*, 55 Wis. 129 (12 N. W. 384).  See, also,
*Ryer* v. *Atwater*, 4 Day (Conn.), 431.  As there was no
evidence before the lower court tending to prove upon
what ground the decision was made, that court correctly
decided that the mandamus proceedings were not res
judicata.

2. Was the deed to Silverthorn void?    Defendants'
counsel contend that Silverthorn executed this release by
reason of a mistaken notion of the validity of his deed, that
the auditor general refused to accept it, and that, legally
speaking, the release never became effectual.  The finding
of facts prevents our agreeing with this contention.  It is
true that the deeds of November 22, 1902, contain a recital that the former deed was erroneously released; but
this was, at most, no more than evidence of a fact.
Though this evidence might have justified a finding of an

erroneous release, no such finding was in fact made.   On
the contrary, the court found, as heretofore stated, that by
the recording and delivery of the release the State reac-
quired the title.   We are bound by this finding.   See
*Cragin* v. *Gardner*, 64 Mich. 399 (31 N. W. 206); *Bate-
man* v. *Blaisdell*, 83 Mich. 357 (47 N. W. 223); *First
National Bank* v. *Walker*, 115 Mich. 434 (73 N. W.
378); *Darling Milling Co.* v. *Chapman*, 131 Mich. 684
(92 N. W. 352).

To illustrate the claim of mistake, defendants' counsel
have printed in their brief the correspondence—not put in
evidence in the court below—between the auditor general
and Silverthorn respecting said release.   It is doubtful if
a fair construction of that correspondence supports defend-
ants' contention that the release never became effectual.
But we will not undertake to determine this question, for
it is clear that we cannot, from statements in counsel's
brief, draw any inference of fact opposed to the findings
of the trial judge.   We are bound, therefore, to assume
that the title was effectually transferred to the State by
Silverthorn, on the 15th of August, 1902.

Could this title be conveyed by the auditor general to
Silverthorn on his application of August 27, 1897?   That
application gave him no right to a deed, because it was
not accompanied by a sufficient deposit; and it did not be-
come a complete application until October 25, 1897, when
the deposit was made adequate.   *Hubbard* v. *Auditor
General*, 120 Mich. 505 (79 N. W. 979).   When the ap-
plication was completed, it was the duty of the applicant,
under section 84 of the tax law (section 3907, 1 Comp.
Laws, as amended by Act No. 262 of the Public Acts of
1899), to pay interest on the amount "at the rate of one
per cent. per month or fraction thereof, from the first day
of the month in which such lands were bid off to the
State."   This clearly required the payment of interest to
the date when the application became complete.   We have
held that "the auditor general has no authority, under
section 84, to sell and deed State lands, except upon receiv-

ing the price required by law, and this the purchaser is bound to know." See *Hughes* v. *Jordan*, 118 Mich., at pages 29 and 30 (76 N. W. 134); *Detroit Fire & Marine Ins. Co.* v. *Wood*, 118 Mich. 31 (76 N. W. 136); *Wilkin* v. *Keith*, 121 Mich. 66 (79 N. W. 887); *Hall* v. *Mann*, 122 Mich. 13. (80 N. W. 789).

We have held that, notwithstanding such an improper computation as was made in this case, the tax liens would be discharged if they were acquired by the owner of the land. See *Clippinger* v. *Auditor General*, 135 Mich. 1 (97 N. W. 53). But the record in this case presents a different question. In the *Clippinger Case* it was held that the failure of the auditor general to make a correct computation could not be asserted to defeat the owner's title. There we said:

"It would be a reproach to the law to hold that under these circumstances an owner can be deprived of his property through no fault of his own, but through a mistake of an officer of the law."

Here we are asked to hold—what is an entirely different proposition—that the owner cannot sustain his title by asserting that an officer of the law made a mistake. We are asked to hold that though the computation was incorrect, and the State thereby failed to receive the price to which it was entitled, nevertheless the title was acquired by Silverthorn. In support of this contention, defendant's counsel rely upon the statement in the *Clippinger Case* "that the failure to figure interest correctly was settled against the contention of the relator by the recent unreported case of *Hoffman* v. *Auditor General*." It is claimed that this reference to our decision in the mandamus proceedings heretofore referred to indicates a holding that Silverthorn's title was unaffected by the error in computation. If that decision, by reason of this language, is susceptible of that construction, we think we should take this early opportunity to correct it. Owing to this error of computation, Silverthorn had not "paid the price required by law," and because of this, under the decisions above cited, his deed was void. Nor is it a sufficient ex-

cuse that a State official erred in his computation. The purchaser was bound to know the law, and we are bound to assume that he himself could make a correct computation. In so holding, we do not impose upon him any greater obligation than rests upon him under our former decisions. See *Hughes* v. *Jordan*, supra.

The deeds of November 22, 1902, are void on another ground. Silverthorn's release of August 15, 1902, as heretofore stated, revested the State with the title which it originally had. It was a release of all that Silverthorn acquired under his application of August 27, 1897. There is nothing in the record from which we can infer that Silverthorn renewed that application, or made another. At that time, then, the only application under which the auditor general had a right to sell these lands was that of plaintiff, which at this time was pending, and supported by a proper deposit. See *Wilkin* v. *Keith* and *Hall* v. *Mann*, supra. It was therefore the duty of the auditor general to recognize plaintiff's application, and to deed the land to him, and not to Silverthorn.

Plaintiff contends that the auditor general should not have been made a party defendant. No such contention is made by the defendants. As plaintiff has no right to insist upon this contention, having himself made the auditor general a party defendant, we decline to consider that question. No costs, however, will be awarded against the auditor general.

To avoid any misapprehension, we deem it proper to state that we do not determine that this record shows plaintiff to have such a legal title as to justify his maintaining an action of ejectment. That question was not raised by the defendants, and we do not deem it our duty to raise it. This case should not, therefore, be considered an authority on that proposition.

Judgment is affirmed, with costs against defendant Silverthorn.

MOORE, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.