*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JASON SZYMANSKI,

Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS and PAROLE
BOARD,

Defendants-Appellees.

UNPUBLISHED
December 29, 2020

No. 350489
Washtenaw Circuit Court
LC No. 19-000503-AA

Before: BOONSTRA, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Plaintiff, acting *in propria persona*, appeals by right the trial court's order granting summary disposition in favor of defendants, the Michigan Department of Corrections (MDOC) and the Michigan Parole Board (the parole board), and dismissing his declaratory action with prejudice. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff was convicted in 2012 of receiving and concealing stolen property and was sentenced to a prison term. He was granted parole in 2014 for a term of twenty-four months. MDOC repeatedly found plaintiff to be in violation of his parole and extended the term of his parole into 2018, when his parole was revoked and plaintiff was returned to prison. Many of plaintiff's parole violations related to his possessing and using marijuana. [1] As a standard condition of his parole, plaintiff was required to "not engage in any behavior that constitutes a violation of any criminal law of any unit of government" and to "not use or possess controlled substances or drug paraphernalia." Plaintiff sought a modification of this requirement clarifying that he would not be in violation of this condition because he was a qualifying registered patient under the

---

[1] "Although the statutory provisions at issue in this case refer to 'marihuana' and 'usable marihuana,' by convention this Court uses the more common spelling 'marijuana' in its opinions." *People v Carruthers*, 301 Mich App 590, 593 n 1; 837 NW2d 16 (2013).

Michigan Medical Marihuana Act (MMMA), MCL 333.26421. Defendants did not modify plaintiff's parole conditions.

Plaintiff filed several actions related to his parole conditions before filing the instant case. Relevant to this appeal, plaintiff filed a mandamus action in the Gratiot Circuit Court, requesting that it find that the condition of his parole forbidding him from using marijuana was unlawful or arbitrary and capricious in light of the MMMA. The court denied plaintiff's requested relief, holding that the MMMA did not repeal or trump federal law and that the condition of plaintiff's parole that he not violate the criminal law of "any unit of government" precluded marijuana use.

In his complaint for declaratory relief in the instant case, plaintiff again alleged that the condition of his parole requiring that he refrain from using marijuana was arbitrary and capricious or, in the alternative, preempted by the MMMA. Defendants moved for summary disposition, arguing that plaintiff had raised the same arguments in the mandamus action and was thus barred by the doctrine of res judicata from relitigating them. Defendants attached a copy of the Gratiot Circuit Court's opinion and also argued that plaintiff was improperly using the declaratory action as a mechanism for collaterally attacking his parole revocation.

The trial court granted summary disposition in favor of defendants under MCR 2.116(C)(7), reasoning:

> As argued by Respondents, all of Plaintiffs' claims were previously raised and decided in a March 4, 2019 Opinion and Order rendered in the Gratiot County Circuit Court. The Court found that, regardless of the rights and protections afforded to patients under the Medical Marijuana Act, Plaintiff was specifically prohibited from using or possessing a controlled substance in accordance with the parole condition that he agreed to and signed acknowledgement of on November 20, 2014.
>
> In denying Plaintiff relief, the Gratiot County Circuit Court, on the same facts, rejected Plaintiff's identical arguments holding that the Michigan Marijuana Act did not effectively repeal or trump federal law and that one pertinent condition of Plaintiff's parole precluded his use or possession of any controlled substances or drug paraphernalia and association with anyone he knew possessed those items.

This appeal followed.

## II. STANDARD OF REVIEW

"The question whether res judicata bars a subsequent action is reviewed de novo by this Court." *Adair v State*, 470 Mich 105, 119; 680 NW2d 386 (2004).

## III. ANALYSIS

We note that plaintiff fails to address the legal basis underlying the trial court's decision, instead repeating his arguments concerning the lawfulness of his parole conditions under the MMMA. The trial court's holding was that res judicata barred plaintiff's claims because the Gratiot Circuit Court had previously rejected identical claims when it dismissed plaintiff's

complaint for mandamus. Plaintiff did not appeal that decision. Because defendant does not actually address the applicability of the doctrine of res judicata, we for that reason alone, as an error-correcting court, need not grant any relief. See *Seifeddine v Jaber*, 327 Mich App 514, 522; 934 NW2d 64 (2019) ("When an appellant fails to address the basis of a trial court's decision, this Court need not even consider granting relief.").

In any event, we conclude that the trial court did not err by holding that res judicata bars plaintiff's claim in this case. "The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action." *Adair*, 470 Mich at 121. "The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. "The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 43; 795 NW2d 229 (2010) (quotation marks and citation omitted).

The record reflects that plaintiff previously brought a legal action raising the very same arguments in seeking a writ of mandamus against defendants, and that the Gratiot Circuit Court considered and rejected his position. This decision bars a second, subsequent action concerning matters that "that the court passed upon" in the earlier action. See *Hoffman v Silverthorn*, 137 Mich 60, 64; 100 NW 183 (1904). Accordingly, the trial court did not err when it held that the doctrine of res judicata bars the relitigation of plaintiff's claims. See *id*. Because we affirm the trial court on this basis, we need not address defendants' alternative argument that plaintiff's declaratory action is an impermissible collateral attack on the revocation of his parole. And to the extent plaintiff seeks to relitigate the issue of the validity of his parole conditions in this Court, we decline to do so.

Affirmed.


/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Jonathan Tukel